## McCook County v. Kammoss *et al.*

1. Section 2612, Comp. Laws, imposes the duty upon "the children of any poor person, who is unable to maintain himself by work, to maintain such person to the extent of their ability."

2. While the statutes prescribes no procedure for enforcing this duty as to future maintenance, a county which, under the direction of the law, has furnished necessaries to such indigent and helpless father, may recover therefor in an action against the children whose duty it was to furnish the same, and whose refusal so to do made it necessary for the county to furnish such necessaries.

(Syllabus by the Court.   Opinion filed Oct. 28, 1895.)

Appeal from circuit court, McCook county. Hon. Joseph W. Jones, Judge.

Action to recover money advanced for support. Judgment for plaintiff, and defendants appeal. Affirmed.

The facts are stated in the opinion.

*A. C. Biernatzki.* for appellants.

A complaint alleging an open and a balance due states two causes of action. Eisenhauer v. Stein, 15 Kan. 167; Werlitzer v. Suppe, 15 P. 863; Union v. Traube, 59 Mo, 355; Weinland v. Cochran, 9 Neb. 480. A summary proceeding may not be joined with any other cause of action, although arising out of the same transaction. Orr v. Wickham, 38 Kas. 225; Gates v. Kief, 7 Cal. 124. Without statutory provisions, moral duty to support an indigent parent, cannot be enforced, nor can an action be maintained for the recovery of necessaries already provided. Edwards v. Davis, 16 Johns, 280; Stone v. Stone, 32 Conn. 142; City v. Chelsea, 47 Me. 367;

Dawson v. Dawson, 12 Ia. 512; Cook v. Bradley, 7 Conn. 57; Olney v. Harris, 5 Johns. 175; Switzerland v. Hildebrand, 1 Ind. 555; Stevens v. Stevens, 3 N. E. 401; Bramer v. Curtis, 6 N. W. 135; Thorn v. Deans, 4 Johns. 97; Ehle v. Judson, 24 Wend. 97; Cole v. Bedford, 97 Mass. 326; Bishop Cont. 44.

P. W. *Scanlan*, for respondent.

If several causes of action stated in a complaint are connected with the same subject of action, it is not demurable. 2 Wait's Pr. 450; Boss v. Comstock, 38 N. Y. 21; Dorman v. Kellam, 14 How. 184; Lees v. Whitmore, 12 N. W. 238; Hitchcock v. Platt, 16 *Id.* 639; Varney v. Varney, 8 *Id.* 739; O'Connor v. Gidday, 30 *Id.* 313; Conoughty v. Nichols, 42 N. Y. 83; Ledwick v. McKien, 53 N. Y. 307. A demand for several distinct forms of judgment can be no misjoinder, Calstrum v. Railroad, 18 N. W. 94; Lattin v. McCarthy, 41 N. Y. 107. Persons may be called upon to support their poor relatives. 3 Mass 436; 5 *Id.* 240; County v. Osborn 13 N. W. 184; *Id.* v. Ruhl, 9 *Id.* 276.

Kellam, J. McCook county brought this action to recover from appellants $100, paid by the county for the support and maintenance of their indigent father, and for a judgment requiring them to contribute to his future support. This appeal is from an order overruling a demurrer to the complaint, The grounds of demurrer were: First, that plaintiff has not legal capacity to sue; second, that several causes of action have been improperly united; and, third, that the complaint does not state facts constituting a cause of action,

There is no merit in the first ground. The statute expressly authorizes a county to sue (section 572, Comp. Laws). The second ground will be noticed after the third is diposed of.

Does the complaint state facts sufficient to constitute a cause of action in favor of the county against the appellant? Section 2612 of the Compiled Laws is as follows: ''It is the duty of the father, the mother and the children of any poor person, who is unable to maintain himself by work, to maintain such

person to the extent of their ability." This provision inno-votes the common-law rule, by imposing upon children, to the extent of their ability, the duty of maintaining their poor and helpless parents. The statute declares the duty of such child-ren to support such parents as expressly and unequivocally as the common-law declares the duty of parents to support their minor children. Appellants contend that this statute declares only a moral duty, for it provides no means for its enforcement. This may be true so far as future support is concerned, but the general law affords the same means for compelling payment for necessary support by an adult child who disregards this im-posed duty as it does in the case of a neglectful father. The duty rests upon the child, but in consequence of his neglect, the statute humanely requires the county to provide such sup-port. The county does not act officiously, but under the coer-cion of the law, and supplies the support which the son or daughter was under obligation to supply. The duty to sup-port being by law put upon the child, he is liable upon the same principles that the father is liable at common-law for necessary support furnished to a destitute minor child, whom it is his duty to provide for. If, under such circumstances, the county, under the direction of the law, furnishes necessaries to the indigent and helpless father, we think, upon principle, it ought to and may recover therefor against the children whose duty it was to furnish the same, but who neglected and refused so to do. The stautes of most of the states go further, and provide a procedure by which such children may be compelled to supply future support. Ours does not. Whether the omis-sion was an oversight or deliberate we do not know. Our con-clusion is that the complaint states facts which would entitle the county to recover for the necessary support theretofore furnished the father, but we are unable to find any statutory authority for the court to make a judgment requiring the de-fendants to undertake the future support of their father. For such necessaries as it has already furnished, or for such as, un-

der the same conditions, it may hereafter furnish, it may maintain an action against the defendants. The complaint stating no cause of action for future maintenance, there was no misjoinder. The complaint stating one good cause of action, the demurrer was properly overruled, and the order appealed from is affirmed. All concur.