[L. A. No. 13230. In Bank.—March 31, 1932.]

LULA MAY TULLER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

James Donovan and M. C. Spicer for Petitioner.

Pierce Works for Respondents.

THE COURT.—This is a petition for a writ of mandate to require respondent superior court to set a case for trial or show cause why this has not been done. The merits of the said case are not before us, this proceeding being solely concerned with technical questions of procedure.

Prior to the present litigation, Edna May Tuller was granted a divorce from Walter K. Tuller, and was awarded the custody of their daughter, Lula May Tuller, petitioner herein. Said daughter on June 9, 1931, being of the age of majority, filed a complaint in the superior court against Walter K. Tuller, her father, seeking support under the provisions of section 206 of the Civil Code, on the theory that she was a ''poor person'' unable to maintain herself by work. An order to show cause why the defendant should not make provision for her support and counsel fees and costs *pendente lite* was obtained at this time. The defendant demurred to the complaint, mainly on the ground that Edna May Tuller, the mother of plaintiff, was a necessary party defendant and should have been joined. An affidavit was filed in answer to the order to show cause, denying its substantial allegations. On July 21st, the respondent judge of the superior court sustained the demurrer on the above-mentioned ground, giving plaintiff ten days to amend. At that time, the mother was present in court and expressed her willingness to be joined; and counsel for the plaintiff requested the court to make an order joining her as a party defendant by virtue of its powers under section 389 of the

Code of Civil Procedure. This the court refused to do, declaring that the proper procedure was to file and serve an amended complaint. The plaintiff then moved to enter the default of the defendant. The court denied the motion and placed the order to show cause off calendar. The plaintiff did not amend, but instead applied to the District Court of Appeal, Second Appellate District, Division One, for an alternative writ of mandate to compel the court to set the cause for trial. The application was denied, and upon petition for hearing in this court, an alternative writ was granted. While this proceeding in the appellate court was pending, that is, between the time that the District Court of Appeal denied the application, and the time of filing a petition for rehearing in that court, the superior court, upon request of the defendant, entered judgment in his favor by reason of the failure of plaintiff to amend the complaint within the specified time. This judgment was secured without notice to plaintiff, and her motion to vacate the same was denied. No appeal was taken from the judgment and the time for appeal has passed.

The original complaint of petitioner against the defendant Tuller contained allegations supported by affidavits of several doctors, to the effect that she was in danger of tuberculosis and was in immediate need of medical attention. It was for this reason, counsel for petitioner say, that relief was sought by application for *mandamus* to the appellate court. They assert further that the procedure of filing and serving an amended complaint would have resulted in great delay in view of the congested calendar; and that an appeal from a judgment in the action would have been a slow and consequently an inadequate remedy.

Passing for the moment the question of the propriety of *mandamus* as a remedy under these circumstances, we think it is clear that the lower court was in error in making the orders complained of. Section 206 of the Civil Code reads in part as follows: "It is the duty of the father, the mother, and the children of any poor person who is unable to maintain himself by work, to maintain such person to the extent of their ability. . . ." It is contended that this section establishes a *joint* liability of the father and mother, which cannot be enforced in an action against one without joinder of the other. Such an interpre-

tation of the section is unreasonable on its face, for it would also necessitate joinder of the *children* of such person, if any existed. Nothing in the language of the statute beyond the equivocal term "their" suggests that the obligation is not individual and several as to each person named therein. No procedure for the enforcement of this liability has ever been provided by the legislature, and it has been decided that a general action addressed to the equitable powers of the court is proper. (*Paxton* v. *Paxton,* 150 Cal. 667 [89 Pac. 1083]; see, also, Cal. Civ. Code, sec. 1428.) We are at a loss to understand how this technical rule of procedure invoked by defendant Tuller can be fastened upon an action for which no procedure at all is specified, in the absence of a clearly defined statutory purpose making the liability joint.

█ The demurrer should unquestionably have been overruled, and the order sustaining it was palpably erroneous. It was still less proper for the court to refuse to permit the bringing in of the mother at the time of the hearing, when she was present and expressed her willingness to become a party. The power to bring in parties who are necessary to a determination of the cause is, under section 389 of the Code of Civil Procedure, not wholly discretionary. Inasmuch as the court, in sustaining the demurrer, concluded that the mother was a necessary party, it necessarily follows that it should have permitted the joinder at that time. No possible reason save excessive legal formalism could demand that plaintiff be forced, in effect, to start her action anew; and the only purpose to be served would be delay. No discretion resided in the court in this state of the record. We said in *Ambassador Petroleum Co.* v. *Superior Court,* 208 Cal. 667, 671 [284 Pac. 445, 447] : " . . . when the trial court finds, or the record indisputably shows that a 'complete determination of the controversy cannot be had without the presence of other parties', such parties become necessary and indispensable parties and the section is *mandatory* and the question then becomes one of jurisdiction in that the court *may not proceed without bringing them in.*" (Italics ours.) (See, also, *Solomon* v. *Redona,* 52 Cal. App. 300 [198 Pac. 643].)

█ A plain showing of error below is thus presented, first in sustaining the demurrer, and second in refusing to

permit what in effect was the carrying out of the court's own order—the joinder of the mother as a defendant. The difficult questions are whether the petitioner has chosen a valid method of securing relief, and whether at this time such relief may properly be granted. It is contended that it is not possible to grant the writ because judgment has been entered in the action, and no appeal has been taken from it. We have reached the conclusion that this contention is sound. It appears that the application to the District Court of Appeal was denied on July 30, 1931. The judgment was signed by the judge of the superior court on August 1, 1931, and entered on August 5, 1931. During all this time, the superior court had jurisdiction to act. Counsel for petitioner have staked their entire case on the application to the District Court of Appeal for an alternative writ of mandate. They have failed to amend the original complaint, and thus have permitted the trial court to render judgment by default. They have not appealed from this judgment. They now ask this court to order a cause set for trial, in spite of the rendition of judgment therein by a court having jurisdiction thereof, which judgment is now final. We think this is beyond our powers.

Petitioner, however, is not debarred from further prosecution of her claims. The effect of the technical maneuvers of counsel for defendant Tuller and the failure of counsel for petitioner to pursue the appropriate remedies provided by statute has been to delay, for a regrettably long period, a trial of the action. Nevertheless, the right of petitioner to file a new action has not been impaired by the judgment entered in this one. It is too plain to require discussion that said judgment was not rendered on the merits, and is consequently not *res judicata* on any of the issues. (See generally, 2 Freeman on Judgments, sec. 744, p. 1566 et seq.)

The writ is denied.

Shenk, J., and Seawell, J., concurred in the order denying the writ.

Rehearing denied.