[Civ. No. 2655. Fourth Dist.—May 26, 1941.]

LEWIS V. GARCIA, Petitioner, v. THE SUPERIOR COURT OF SAN BERNARDINO COUNTY et al., Respondents.

Louis J. Euler for Petitioner.

Jerome B. Kavanaugh, District Attorney, and Donald S. Gillespie, Deputy District Attorney, for Respondents.

MARKS, J.—This is a proceeding in *mandamus* instituted in this court to compel respondents to bring in other parties by way of cross-complaint in an action brought against petitioner by the county of San Bernardino.

Margaret Garcia was an aged widow, a resident of San Bernardino, and was without means of support. She had four children; petitioner, Lewis V. Garcia, a son; Margaret Garcia, Mrs. Helen Gorman and Mrs. Florestine Stalheber, her adult daughters, all residents of California.

Mrs. Garcia had been granted aid under the provisions of the Welfare and Institutions Code and was receiving $24.20 per month. Under the provisions of section 2224 of that code, as amended in 1940, the board of supervisors of San Bernardino County made an investigation and found that Lewis V. Garcia had filed an income tax return under the Personal Income Tax Act of California. The board then instructed the district attorney of San Bernardino County to file suit against Lewis V. Garcia to obtain judgment for the money the county had advanced and was going to advance to his mother. This action was filed against Lewis V. Garcia, alone, in February, 1941. Garcia appeared and sought leave

to file a cross-complaint bringing his three sisters in as cross-defendants. Leave to do so was denied him and he brought this proceeding to compel the Superior Court of San Bernardino County to permit him to file the cross-complaint and bring into the action the other children of Mrs. Garcia so that the liability of each child to contribute to her support might be determined in the one action.

It is alleged in the cross-complaint that the four persons already named are the four adult children of Mrs. Garcia; that they are residents of the State of California; that on December 24, 1940, an agreement was entered into between Lewis V. Garcia and the Welfare Department of San Bernardino County wherein it was determined that the sum of $40 per month was a proper amount to be contributed by the four children of Mrs. Garcia for her support, which was to be apportioned as follows: Lewis V. Garcia $20, Helen Gorman $5, Florestine Stalheber $5, and Margaret Garcia $10, to be paid by furnishing rent and paying certain insurance premiums; that Lewis V. Garcia and Margaret Garcia paid the contributions specified but that Helen Gorman and Florestine Stalheber failed and refused to pay theirs; that they are pecuniarily able to make the payments.

In the petition for the writ it is further alleged that Mrs. Helen Gorman filed an income tax return under the Personal Income Tax Act of California. Defendants have stipulated that such a return was filed by her.

The duty of adult children to support their parents who are unable to maintain themselves is of long standing in California. (Civ. Code, sec. 206. See, Pen. Code, sec. 270c.) The right of a county to reimburse itself for aid given to such a parent is of more recent origin. (See Inst. and Welf. Code, sec. 2224.)

It seems rather clear that the obligation of support was placed on the children by the provisions of the Civil Code and the right of reimbursement, together with the procedure to be followed to enable a county to reimburse itself for aid given the parent, is established by the provisions of the Welfare and Institutions Code. That the latter code has nothing to do with creating the obligation of support of a parent by an adult child but is largely procedural seems clear from a study of the two codes though a contrary opinion has been

expressed by way of *dicta.* (*County of Lake* v. *Forbes,* 42 Cal. App. (2d) 744 [109 Pac. (2d) 972].)

The duties of the county officials where aid is granted seem rather clear under the Welfare and Institutions Code. The board of supervisors is required to make an investigation to determine if a spouse or an adult child, resident of the state, of the person receiving aid, had filed a return under the Personal Income Tax Act. If no return has been filed the matter ends and nothing further need be done. If a return has been filed, then the board is required to further investigate the financial resources of the spouse or child and determine if such person is financially able to contribute to the support. The section continues:

"If in the opinion of the board of supervisors the spouse or adult child who has filed such a return is pecuniarily able to support or contribute to the support of the recipient of aid, the board of supervisors shall request the district attorney or other civil legal officer of the county granting such aid to proceed against such kindred in the order of their responsibility to support. Upon such demand the district attorney or other civil legal officer of the county granting aid shall, on behalf of said county, maintain an action, in the superior court of the county granting such aid, against said relative, in the order named, to recover for said county such portion of the aid granted as said relative is able to pay, and to secure an order requiring the payment of any sums which may become due in the future for which the relative may be liable." (See, *County of Los Angeles* v. *Hurlbut,* 44 Cal. App. (2d) 88 [111 Pac. (2d) 963].)

The exact meaning of the portion of the section we have quoted is clouded by the indiscriminate use of words and phrases in the singular with words and phrases indicating the plural. As the first important step in the investigation is the discovery of an income tax return, if made, it would seem to follow that if more than one adult child had filed an income tax return it would be the duty of the board to at least request the filing of suit against the children so filing returns. (See, *County of Lake* v. *Forbes, supra.*) As the obligation of support is placed on all children (Civ. Code, sec. 206), it might well be argued that upon finding that a child or children had filed a return or returns, the direction should be given to the district attorney to file suit against

all the children so the court could justly apportion the obligation to support the parent. However, these observations cannot influence this decision because no action was brought against the board of supervisors to require its members to perform such a duty if one existed.

The controlling question here is this: The county having elected to bring the suit against one adult child, a resident of the state, can that child force the trial court to bring in the other children so that their several liabilities for support may be determined? The answer to this question must be found in another, namely: Is the obligation of the children to support, joint, or is it several? If it is several, there can be no contribution from one to the other (*Adams* v. *White Bus Line,* 184 Cal. 710 [195 Pac. 389]; *Tulare County* v. *Kings County,* 117 Cal. 195 [49 Pac. 8]; *Tucker* v. *Nicholson,* 12 Cal. (2d) 427 [84 Pac. (2d) 1045]), while if the obligation is joint, one who satisfied more than his share of the demand might claim contribution from the others jointly obligated with him. (Civ. Code, sec. 1432; 6 Cal. Jur. 499.) Further, where different persons are severally, but not jointly, obligated to another he may sue one or more of them as he desires. (*Shea* v. *City of San Bernardino,* 7 Cal. (2d) 688 [62 Pac. (2d) 365].)

The case of *Tuller* v. *Superior Court,* 215 Cal. 352 [10 Pac. (2d) 43], is decisive of the issue presented here. There, an adult daughter sued her father for support. The father demurred to the complaint because the mother was not joined as a defendant. The demurrer was sustained and the trial judge refused the request of the daughter to file an amended complaint in which both the father and mother were made defendants although the mother was present in court and expressed her willingness to become a defendant. In speaking of the duty of support the Supreme Court said:

"Passing for the moment the question of the propriety of *mandamus* as a remedy under these circumstances, we think it is clear that the lower court was in error in making the orders complained of. Section 206 of the Civil Code reads in part as follows: 'It is the duty of the father, the mother, and the children of any poor person who is unable to maintain himself by work, to maintain such person to the extent of their ability. . . . ' It is contended that this section establishes a *joint* liability of the father and mother, which

cannot be enforced in an action against one without joinder of the other. Such an interpretation of the section is unreasonable on its face, for it would also necessitate joinder of the *children* of such person, if any existed. Nothing in the language of the statute beyond the equivocal term 'their' suggests that the obligation is not individual and several as to each person named therein. . . . We are at a loss to understand how this technical rule of procedure invoked by defendant Tuller can be fastened upon an action for which no procedure at all is specified, in the absence of a clearly defined statutory purpose making the liability joint.

''The demurrer should unquestionably have been overruled, and the order sustaining it was palpably erroneous.''

As the obligation to support Margaret Garcia was a several obligation resting on each of her children, and as the county of San Bernardino elected to pursue its remedy against but one of those children (even if this were mistakenly done), the child named as defendant has no right to force the trial judge to bring the other children into the action as defendants to a cross-complaint as the cross-complainant cannot recover judgment against any of them even though the county might have done so had it elected to proceed against them. The obligations of the children are to their mother and to the county and not to each other.

The petition for a peremptory writ of mandate is denied and the alternative writ is discharged.

Barnard, P. J., and Griffin, J., concurred.