[Civ. No. 15797.   Second Dist., Div. Three.   Nov. 26, 1947.]

CHARLES G. KELLEY, Appellant, v. STATE BOARD OF SOCIAL WELFARE, Respondent.

Charles G. Kelley, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Clarence A. Linn, Deputy Attorney General, for Respondent.

SHINN, Acting P. J.—This is an appeal by one Charles G. Kelley, appearing in propria persona, from a judgment of the superior court in review proceedings had under section 2182 and 2182.1 of the Welfare and Institutions Code, to which all section references apply unless otherwise indicated. The judgment upheld the decision of respondent State Social Welfare Board as to retroactive old age aid for Kelley in

all respects save the determination of the board that the additional aid claimed by Kelley for the first three months of 1940 was barred by section 338 of the Code of Civil Procedure. As provided in section 2182, the review of the superior court was confined to the questions of law involved. Our review on this appeal is likewise so limited.

Appellant first received old age aid on January 1, 1940, when he was granted $30 a month. After three months of such aid, the grant was increased to the then maximum amount of $40 a month which he received until the end of 1942. At that time all old age aid to him was discontinued since he then was receiving adequate support from the members of his family responsible therefor. (See, § 2160 (f).) On April 3, 1944, he again applied for old age aid which was granted to him in the amount of $30 a month effective July 1, 1944. As of September 1, 1944, such aid was increased to the then maximum of $40 a month. This maximum payment was made until June 1, 1945, when it was reduced to $20 a month. Subsequently, according to appellant's statements at the oral argument, his aid was again increased to $30 a month and then later further increased to the maximum level, which is now $60 a month. (Stats. 1947, ch. 1255.)

On June 2, 1945, appellant applied to the Board of Supervisors of Los Angeles County for immediate retroactive restoration of his aid in the maximum amount. This application was thereafter denied, and appellant appealed to respondent.

The factual situation in which the various legal questions arose is the following: Appellant produces no income and has no separate income; his wife, who lives with him, is a schoolteacher and earns approximately $2,000 per year, although respondent took into consideration only her actual income from other sources during the vacation months, which are in question here; on September 1, 1944, appellant recorded his affidavit by which he purported to transfer to his wife all his community interest in her earnings and he insists they are her separate property; during a part of the time a serviceman's allotment of $37 per month came to Mr. and Mrs. Kelley from their son, Charles, the allocation of which as between the two by respondent will be later explained. The county of Los Angeles recovered and retained a total of $60 from the Kelleys' son, Paul, in proceedings

had under section 2224. The board of supervisors and respondent had, at various times, computed the needs and resources of appellant; these computations are shown in the record and their factual aspects are not open to review. Appellant's contentions that the findings of respondent as to his resources were erroneous present questions of law by reason of his claim that respondent allocated to him a portion of his wife's salary, a portion of the allotment from his son, Charles, and charged the county in his favor with none of the amount collected by the county from his son, Paul. His contentions before respondent may be briefly summarized. (1) Appellant is entitled retroactively to maximum aid for the first three months of 1940—an additional $30. (2) He is further entitled to the $60 recovered by Los Angeles County from his son, Paul. (3) Sections 2181 and 2224 are unconstitutional because the state has an obligation to grant him maximum old age aid on proof of his need and this obligation cannot be shifted to his responsible relatives. (4) His aid should have been restored as of May 1, 1944. (5) He should have received maximum aid since that time.

Respondent did not rule on the second and third of appellant's contentions, although the effect of the action taken was to reject them. Respondent's decision follows: "*Findings of Fact:* The appellant contends that his ineligible spouse's income is her separate income and should not have been taken into consideration in computing his unmet needs. He further contends that the allotment from his son is intended for the ineligible spouse only and should not be considered applicable either wholly or partially to his support. It is the Board's finding that the spouse's income is community income, and that the allotment is to be considered as equally divided between the appellant and his spouse. *Determination:* On the basis of the above facts, the Board grants the appellant's appeal for retroactive Old Age Security for the period June 1, 1945 through August 31, 1945, and orders payment of retroactive aid in the amount to which he proves eligible. The appellant's appeal for retroactive aid for 1940 is dismissed because of the Statute of Limitations; the appellant's appeal for retroactive aid for 1944 is denied since the appellant's income exceeded his established needs."

Appellant's several contentions will be stated and considered seriatim.

1. The superior court, in approving this determination of respondent, modified it by directing respondent to compute

appellant's old age aid for the first three months of 1940 without regard to the statute of limitations. Respondent has taken no appeal from this modification; hence, the legal correctness of the disposition made of appellant's claim of 1940 retroactive aid is not before us.

2. It may be noted that the claim that respondent failed to require Los Angeles County to give appellant the benefit of the sums recovered from the son, Paul, was omitted from appellant's "substitute" petition to respondent as not being within respondent's jurisdiction. However, since this matter is now before us for a "review of the entire proceedings" upon the questions involved, we shall, of our own motion, consider the merit of this omitted contention. The record shows that the amount of aid received by appellant was not affected by the county's recovery from his son, Paul, under section 2224. His further claim that the $60 so recovered should have been paid to him conflicts with the plain language of the section concerning the disposition of the recovery. Thus appellant's second contention, when stripped down, merges into his third, which is that sections 2181 and 2224 are unconstitutional. The contention that these sections are unconstitutional is unfounded.

3. Section 2181 sets out a graduated scale of maximum monthly contributions required of spouses and adult children (within the state) of aid recipients, while section 2224 creates an action by the county granting aid for the recovery from such relatives of such portion of the aid as the relative is able to pay and for an order for future payment to the extent of the relative's liability. The constitutionality of section 2224 was sustained when liability thereunder was confined to those spouses and adult children who filed state personal income tax returns. (*County of Los Angeles* v. *Hurlbut,* 44 Cal.App.2d 88 [111 P.2d 963].) Since the expansion of liability thereunder in terms of persons liable gives rise to no constitutional objections not fully considered in that excellent decision, we feel that prolonged discussion of the point by us would be unduly cumulative. But we wish to set forth appellant's theory of unconstitutionality, which is equally applicable to both sections, in order to reveal its fundamental unsoundness.

Appellant's theory of unconstitutionality, briefly stated, is this: Old age aid, when allowed, is a debt owed by the county to the recipient. (*Board of Soc. Welfare* v. *County of Los*

*Angeles,* 27 Cal.2d 81, 86, 89 [162 P.2d 630].) Sections 2181 and 2224 compel spouses and adult children within the state of old age recipients to pay a part of this debt of the county. This constitutes unconstitutional discrimination against these relatives. This theory is completely fallacious. It overlooks the thoroughly established bases for these statutes, namely, the obligation of support owed by spouses to each other (Civ. Code, § 155) and owed by adult children to their indigent parents (Civ. Code, § 206). Furthermore, in the performance of their obligation of support these relatives are not assuming in any sense a part of any debt owed by the county to an old age recipient. There is no vested right to receive old age aid. (§ 2002.) The obligation of support owed by these relatives is preexistent to and independent of the aid granted to the needy aged by public authorities. This prior and primary obligation of support by responsible relatives must be satisfied—either under section 2181, prior to the grant of aid, or under section 2224, subsequent thereto. Appellant has simply put the cart before the horse in asserting the public responsibility of aid to the needy aged to be primary and the private responsibility of the responsible relatives to be secondary. Such is not the law. Under our old age security law the state aids the needy aged only to the extent their legally responsible relatives are unable to support them and in no case beyond the statutory maximum payment, which now is $60 a month. Sections 2181 and 2224 are valid statutes.

■ 4. Mrs. Kelley had filed a responsible relative statement, June 12, 1944, stating that she was giving full support, and for that reason respondent properly denied appellant aid for the months of May and June. He was declared eligible in July, 1944, and aid was properly granted from July 1st. (§ 2183.)

■ 5. Appellant's arguments under his fifth point are broad and varied. Appellant advanced, and respondent rejected, the theory that no part of the wife's income could be allocated to him for the reason that it was insufficient in amount to make it her duty to contribute to his support as a responsible relative under section 2181. Under the rules of respondent with respect to community income of a spouse of an old age recipient, while living together, the income is first applied to the needs of the earning spouse, then to the needs of the recipient, not in excess of the needs of the

earning spouse, the balance is allocated equally, and if there be a deficit, the amount of the unmet needs of the recipient is awarded as aid. Section 2181 provides a schedule of maximum required contributions by responsible relatives based upon the amount of income and the number of persons dependent thereon. Under this schedule appellant's wife, if considered as a responsible relative, would have been required to contribute nothing toward appellant's support for the months of July or August, 1944. For the months involved in 1945, i.e., June, July and August, the wife, if considered as a responsible relative, would have been required to contribute nothing for the months of July and August, and not more than $15 for the month of June, and then only if she received during the month of June not less than $195. We think the rule of respondent under which section 2181 is treated as inapplicable to the community income of a recipient and the spouse falls within its powers to make rules for the administration of the law which are not inconsistent therewith (§ 2140.) There is ample justification for this rule. Section 2181 deals with income which belongs exclusively to others than the recipient. A recipient of aid has equal ownership with an income-producing spouse in the earnings of the latter while the two are living together. Normally this equality is recognized by the use of community income to meet community needs. The result of the allocation of income in appellant's case was to meet the needs of the income-producing wife in full, to apply the remainder of the income to appellant's needs, and to supply the deficit by a grant of aid. The needs of the community were met as far as community income permitted. The rule of the board is fair and practicable. It recognizes the duty of the spouses to apply community income to meet community needs. It has been in effect since 1933 and it is not to be presumed that in setting up the schedule in 1941, the Legislature ignored the established practice of the board under the rules and intended to abrogate it. We think it is clear that section 2181 was not intended to limit the obligation of spouses of recipients with respect to community income to the maximum contributions prescribed for responsible relatives, and we hold that respondent properly computes the needs of the recipient and his resources from community income without regard to that section.

Appellant asserted that his wife's yearly earnings as a schoolteacher of approximately $2,000 were her separate

property by reason of his attempted deed of gift of them to her, and that no part of this should be treated as income accruing to him. This contention applies to the period subsequent to September 1, 1944. Respondent properly rejected this contention. It may not be questioned that a husband and wife can, by agreement, convert community earnings into the separate earnings of either, but here there was no such agreement. Appellant's wife did not join in appellant's purported instrument of release. (See *Pacific Life Ins. C.* v. *Cleverdon,* 16 Cal.2d 788, 791 [108 P.2d 405].) The record also shows that subsequent to the date of recordation of this instrument, appellant's wife applied her community earnings to the needs of the community and that she paid her federal income tax on a community property basis. Furthermore, she stated to the board's investigator that she considered her earnings to be community property.

■ Appellant's contention, that the finding of respondent that his income for 1944 exceeded his established needs is contrary to the evidence as to the months of July and August, must be sustained. The evidence on this point consisted of determinations made by the board of supervisors as to appellant's needs and his income. As to appellant's needs, the board found them to amount to $76.46, while appellant claimed $78.62. The evidence was undisputed as to the amount of the wife's income, the amount of the monthly contribution by the son, Paul, of $10.98 furnished to appellant, and a serviceman's allotment of $37 per month from the son, Charles. There was no conflict of evidence as to the needs of appellant's wife as computed by the board of supervisors. Upon these facts only questions of law could arise as to the proper application of the law. For the months of July and August the board allocated to Mrs. Kelley the amount of her needs and appellant the remainder of her income. For the month of July, when her income was small, the $37 contributed by Charles was allocated to her. For the month of August the allotment was allocated to appellant. As previously noted, respondent ruled, contrary to the ruling of the board of supervisors, that the allotment should be allocated equally to the husband and wife. Under any application of the amounts of need and income, as established by the evidence, there would be a deficit in the amounts received by appellant for the months of July and August of either $17 or $21. We do not find in the brief of respondent

any argument in support of the finding that, as applied to the months of July and August, appellant's income exceeded his unmet needs. This finding is not sustained by the evidence.

■ While the foregoing disposes of appellant's contentions before respondent, appellant raises one further question on the appeal. Respondent, while holding that appellant was entitled to retroactive aid for the period June 1 through August 31, 1945, in the amount to which he should prove eligible, made no determination as to that amount. The judgment of the superior court did not direct respondent to make that determination for the months in 1945, although it was the duty of respondent to make it under section 2182. The section reads in part: ''The State Social Welfare Board shall consider the appeal, and shall dismiss the appeal or award aid as prescribed in this chapter. The County Board of Supervisors shall then pay to such aged person, without the necessity of his establishing a present need, the sum awarded,'' etc. It will be the duty of respondent, upon the evidence before it or such additional evidence as may be deemed necessary, to make a computation and award for the months of January, February, and March, 1940, July and August, 1944, and for the months of June, July, and August, 1945.

Other points argued by appellant are not deserving of attention.

The judgment of the superior court is modified by adding a provision thereto directing respondent to make determinations and awards for the months of July and August, 1944, and June, July, and August, 1945, in accordance with the views herein expressed and, as so modified, is affirmed.

Wood, J., concurred.

Kincaid, J. pro tem., concurred in the judgment.

A petition for a rehearing was denied December 17, 1947.