[Civ. No. 5214.   Fourth Dist.   May 16, 1956.]

COUNTY OF SAN BERNARDINO, Respondent, v.
HOWARD JOHNSON, Appellant.

Richard Richards and Abe Mutchnik for Appellant.

Albert E. Weller, County Counsel, Margaret J. Morris and J. B. Lawrence, Deputy County Counsel, for Respondent.

MUSSELL, J.—Defendant appeals from a judgment recovered against him for the sum of $230 and costs in an action filed by plaintiff to recover sums paid to defendant's father under the provisions of the Old Age Security Law (Welf. & Inst. Code, § 2000 et seq.).   The complaint contains two causes of action.   In the first count recovery is sought under the provisions of section 2224 of the Welfare and Institutions Code and in the second count recovery is sought under the provisions of section 206 of the Civil Code, which provides as follows:

"It is the duty of the father, the mother, and the children of any poor person who is unable to maintain himself by work, to maintain such person to the extent of their ability.   The promise of an adult child to pay for necessaries previously furnished to such parent is binding."

Defendant in his answer denied liability and alleged that section 2224 of the Welfare and Institutions Code and section 206 of the Civil Code are unconstitutional as applied to him. The parties entered into a stipulation that the allegations of the complaint are true, except as to those allegations concerning defendant's ability to contribute to the support of his father; that defendant was able to pay and contribute to the support of his father an aggregate sum of $230 and no more, but that he did not consent to a judgment against him in any sum; that all matters of fact stated in defendant's first amended answer are true and that "(t)his case may, and shall now be, submitted to the Court for decision and a judgment, without further appearance by either party hereto, on the basis of the pleadings and record to this point, including this stipulation."

The trial court filed a written opinion herein in which it stated that it was not necessary to determine the question of the constitutionality of section 2224 of the Welfare and Institutions Code because the allegations of the second cause of action, which were stipulated to be true, establish that the defendant was able to pay $5.00 a month to his father who was "a poor person and unable to maintain himself by work"; that the county involuntarily assumed this obligation and became subrogated to the claims of the father under the provisions of section 206 of the Civil Code. The court further stated that if section 2224 of the Welfare and Institutions Code is unconstitutional, the plaintiff is entitled to recover under section 206 of the Civil Code; that the Legislature intended to charge all children with the obligation created by section 206 of said code and that in so doing, no constitutional guarantees were violated; and that, therefore, judgment would be for plaintiff in the sum of $230.

It is apparent that the trial court based its decision and the right of plaintiff to recover on the provisions of section 206 of the Civil Code.

In *County of San Bernardino* v. *Simmons*, 46 Cal.2d 394 [296 P.2d 329], the Supreme Court held that the Welfare and Institutions Code sets out what appears on the face of that code to be a complete procedure for recovery by the county, when it pays aid to a needy aged person, from a spouse or adult child who is able to support the aged person, and that the Legislature intended, by the Welfare and Institutions Code, to cover completely the subject of recovery by public agencies from responsible relatives, and that it

did not intend to create, and there is no proper basis for the courts to innovate, a right of recoupment derived from section 206 of the Civil Code. It clearly appears that under the law thus established plaintiff cannot recover a judgment against the defendant herein, based upon the provisions of section 206 of the Civil Code.

Since the issues presented in the first cause of action have not been passed upon by the trial court and no judgment has been rendered thereon, we do not here decide such issues.

The judgment is reversed.

Barnard, P. J., and Griffin, J., concurrd.

A petition for a rehearing was denied June 12, 1956, and respondent's petition for a hearing by the Supreme Court was denied July 11, 1956.