LAMBERT, P. J.
 

 This is an appeal by the plaintiff, Department of Mental Hygiene of the State of California, from judgment entered in the municipal court in favor of the defendant in an action by the plaintiff against the executrix of the estate of the deceased father on his alleged statutory liability for the care, support and maintenance of his son committed to a state mental hospital. The facts are not in dispute and they show that the complaint was filed on March 7, 1955, and alleged that on December 4, 1952, Lee Henry Waller was adjudged insane by this court and committed to
 
 *Supp. 882
 
 the Mendocino State Hospital and ever since has been a patient there. That William Henry Waller, who died September 5, 1954, was the father of Lee Henry Waller, which facts were admitted by the answer. The complaint further alleged that pursuant to section 6651 of the Welfare and Institutions Code, the rate for the care, support and maintenance of Lee Henry Waller at said hospital was determined by the Director of Mental Hygiene to be $90 a month, effective December 4, 1952, redetermined at $100 a month, effective January 1, 1953, and again redetermined to be $111 a month, effective 1954. That a claim was filed in the estate of the deceased father for $2,184.09 for this care for the period of December 4, 1952, to September 4, 1954, and that said sum was now due and owing from the executrix from the funds of the estate. The answer of the defendant denied the establishment of the rate, admitted the filing of the claim and alleged its rejection October 27, 1954. The indebtedness of the estate to the Department of Mental Hygiene was denied. These facts are taken from the appellant’s brief but are in accordance with the record. There was introduced at the trial evidence that the determinations by the Director of Mental Hygiene for the period involved were made as alleged. It was the plaintiff’s position that the facts admitted, together with the documents introduced as evidence (plaintiff’s Exhibits 2, 3, 4) made a case whereby the plaintiff was entitled to a judgment.
 

 The respondent argued that liability of the estate rests upon the ability to pay and she then introduced into evidence the inventory and appraisal of the estate (Exhibit B) showing assets of $2,430. The evidence shows that the creditors’ claims in the estate were offered as a group amounting to $666.83, exclusive of the rejected claim of the Department of Mental Hygiene. The evidence also showed that payments in wages to the decedent William Henry Waller amounted to $360 in 1953 and in 1954 of $510. There was also a statement from the Social Security Administration that for the period in question, the decedent received social security at the rate of $53.90 per month, and the evidence showed that this was all the income that the decedent had and there was no evidence to show whether the Department of Mental Hygiene had ever made a demand upon the decedent for the support of his son. Inasmuch as the decedent made less than the amount which he owed for 1953-1954, that he had therefore no ability to pay.
 

 
 *Supp. 883
 
 There is no case law on the subject. The respondent asserts that the appellant cites no cases. It can also be stated that respondent cites no cases that are comparable to this case. Section 6650 of the Welfare and Institutions Code reads as follows:
 

 “The husband, wife, father, mother, or children of a mentally ill person or inebriate, the estates of such persons, and the guardian and administrator of the estate of such mentally ill person or inebriate, shall cause him to be properly and suitably cared for and maintained, and shall pay the costs and charges of his transportation to a state institution for the mentally ill or inebriates. The husband, wife, father, mother, or children of a mentally ill person or inebriate, and the administrators of their estates, and the estate of such mentally ill person or inebriate, shall be liable for his care, support, and maintenance in a state institution of which he is an inmate. The liability of such persons and estates shall be a joint and several liability, and such liability shall exist whether the mentally ill person or inebriate has become an inmate of a state institution pursuant to the provisions of this code or pursuant to the provisions of Sections 1026, 1368, 1369, 1370, and 1372 of the Penal Code.”
 

 Section 6651 of the Welfare and Institutions Code provides that the Director of Mental Hygiene shall establish the rate for the care of the incompetent. It also authorizes the director to reduce, remit, or cancel this obligation on satisfactory proof that the estate or relatives are unable to pay.
 

 Section 6652 provides that the Department of Mental Hygiene shall collect all the costs and charges mentioned in section 6650, and may take such action as is necessary to effect their collection within or without the state.
 

 It will be seen from section 6650 that the husband, wife, father, mother, or children of a mentally ill person or inebriate,
 
 their estates,
 
 and the estate of such mentally ill person or inebriate, shall be liable for his care, support, and maintenance in a state institution of which he is an inmate. We don’t see any connection between the fact that the decedent did not have the ability to pay for his son, the inmate, while he was living and the fact that his estate would be liable. The liability of the father’s estate is clearly stated in the section. The matter was briefed in the lower court on the question of the demurrer and the statute of limitations, and we have considered all the briefs and the demurrer was properly overruled. Section 345 of the Code of Civil Pro
 
 *Supp. 884
 
 cedure provides for a special limitation on an action to recover money due on account of the support of patients at state or county hospitals and they may be commenced at any time within four years after the accrual of the same.
 

 The ease must be decided on the plain wording of the statutes and the state statutes say nothing whatever about the size of the estate which a man leaves. There is one case however,
 
 County of San Bernardino
 
 v.
 
 Simmons,
 
 46 Cal.2d 394 [296 P.2d 329], which does hold that the Welfare and Institutions Code sets out what appears on the face to be a complete procedure for recovery by the county from a spouse or adult child who is able to support the aged relative.
 

 If the statutory procedure set out in that code is the exclusive method of recovery from a relative of old age support, as held in the Simmons case, then it follows by analogy that the procedure set out in that code for recovery from a relative for support of an incompetent was likewise intended by the Legislature to be the exclusive method. The code does not mention the size of the deceased’s estate as having any bearing on the right to recover. It might be that during his lifetime a man would not be able to pay for hospitalization of an incompetent son, or the father by good fortune might accumulate a substantial estate late in life. Irrespective of that, whatever estate he does leave is liable, and the fact that there are other claims is not any defense. In the probate of the estate the preferred claims will be paid, also the expenses for the administration, etc., and plaintiff will share as a general creditor on a pro rata basis whatever is left, as provided by the law in probate matters.
 

 The judgment should be reversed and the judgment entered for the plaintiff.
 

 Bradshaw, J., and Main, J., concurred.