[No. AO20561. First Dist., Div. One. Apr. 19, 1983.]

REHABILITATION INSTITUTE OF CHICAGO, Plaintiff and Appellant, v. JOSEPH W. P. EINHORN et al., Defendants and Respondents.

**COUNSEL**

Harold B. Auerbach and Auerbach & Dauphin for Plaintiff and Appellant.

William P. Moses and Pelletreau, Moses, Larson, Alderson & Jacobsmeyer for Defendants and Respondents.

**OPINION**

**BREINER, J.**\*—Plaintiff Rehabilitation Institute of Chicago appeals from a judgment dismissing its complaint for money due for hospital and related medical services. We are called upon to determine whether a private provider of medical services is entitled to reimbursement for the cost of those services from the patient's parents under the provisions of Civil Code section 206. We conclude that the section does not impose a liability upon defendants and therefore affirm the judgment.

The facts are undisputed. Plaintiff provided the adult son of defendants with certain necessities of life, consisting of hospital accommodations and related medical services and supplies, the reasonable value of which was $16,670.20; no part of that sum was paid, except $1,669.50, leaving unpaid the sum of $15,000.70, for which plaintiff seeks reimbursement from the parents. At the time that the services were provided to defendants' son, he was in need and unable to maintain himself by work. Plaintiff and the parents had not entered into any agreement providing for the reimbursement to the hospital for the cost of the medical services.

---

\*Assigned by the Chairperson of the Judicial Council.

The issue, as framed by the parties, can be simply stated: Absent an agreement, does Civil Code section 206 impose upon parents who are financially able an obligation to reimburse a provider of necessary medical care for services to an adult child?

The parties concede that they have been unable to find any California case dealing squarely with the issue; plaintiff supports its position by reference to judicial decisions of other states, and defendants cite language in several California cases that impliedly agrees with their contentions. An analysis of those cases and a review of the legislation involved is dispositive of the issue presented here.

Section 206 reads, in pertinent part, as follows: "It is the duty of the father, the mother, and the children of any person in need who is unable to maintain himself by work, to maintain such person to the extent of their ability. The promise of an adult child to pay for necessaries previously furnished to such parent is binding." As has been pointed out in several of the cases that have discussed the section, the genesis of section 206 is the Elizabethan Poor Law (43 Eliz. 1, ch. 2, § VI (1601),[1] and that its purpose has been to indemnify the public and to minimize its costs in relieving the poor. The determination as to whether the Legislature intended section 206 to impose liability of parents to third persons is central to the resolution of the issue.

At first blush, plaintiff's argument seems attractive: Since the statute provides that a financially able parent has a duty to pay for necessaries furnished to his adult child, and since the purpose of the statute is to protect the public from the burden of supporting persons who have relatives able to pay, it would be unreasonable to deny the provider of necessary services the right to pursue a direct action against the parent. The North Dakota Supreme Court adopted that position (*Bismarck Hospital and Deaconesses Home* v. *Harris* (1938) 68 N.D. 374 [280 N.W. 423, 116 A.L.R. 1274]) in interpreting a statute essentially identical to section 206.[2] Although there are no California cases directly on point, we find that *Bismarck* is neither persuasive nor controlling.

[1] "[The parents, grandparents, and the children of] everie poore olde blind lame and impotente per*son*, or other poore per*son* not able to worke, beinge of a sufficient abilitie, shall at their owne Chardges releive and maintain everie suche poore per*son*, in that manner and accordinge to that rate, as by the Justices of the Peace of that Countie where suche sufficient per*sons* dwell, or the greater number of them, at their gen*er*all Quarter-Sessions shalbe assessed; upon paine that everie one of them shall forfeite twenty shillings for everie monthe which they shall faile therein." (tenBroek, *California's Dual System of Family Law: Its Origin, Development, and Present Status*, pt. I (1964) 16 Stan.L.Rev. 257, 283, original italics.)

[2] The North Dakota statute imposed a duty on the parents and children of any *poor* person, whereas section 206 identifies the beneficiary as a person *in need*; prior to Statutes 1971, chapter 578, section 3, section 206 read "poor person," the Legislature having amended the section in 1971 in response to *County of San Mateo* v. *Boss* (1971) 3 Cal.3d 962 [92 Cal.Rptr. 294, 479 P.2d 654]. For the purposes of our discussion, the difference in the definitions is not relevant.

The second sentence of the North Dakota statute ("The promise of an adult child to pay for necessaries previously furnished to such parent is binding") is entirely superfluous if *Bismarck* correctly interpreted the first sentence of the statute to provide for third party liability absent a promise of the adult child to pay. That interpretation is inconsistent with a presumption that the North Dakota Legislature did not intend to insert superfluous language in its statute. Since the same language appears in section 206, plaintiff's interpretation of the section carries the burden of the identical inconsistency and is equally erroneous.

Even if *Bismarck* were correctly decided, it is not applicable here, because of the significantly different statutory underpinning existing in California. Thus, there is no indication in *Bismarck* that North Dakota had a statutory system such as the Welfare and Institutions Code, which establishes provisions for recovery from responsible relatives of aid provided by public agencies; that distinction in statutory framework compelled the California Supreme Court to distinguish *Bismarck* and hold it to be inapplicable to a case in which a public entity sought reimbursement from an assisted relative. (*County of San Bernardino* v. *Simmons* (1956) 46 Cal.2d 394, 399 [296 P.2d 329].)

There are numerous cases, in fact, in which public agencies and institutions have sought reimbursement, and none of them holds that section 206 creates a reimbursement liability of parents to third parties. As to public agencies, *County of San Bernardino* v. *Simmons, supra,* held, at page 398, that "[t]here is nothing in section 206 which suggests an intention to create a liability of the child of poor parents to public agencies which support the parents in accord with their law-imposed duty to pay aid to such parents; the only liability to third persons is in the case of the promise of an adult child expressly referred to in the last sentence of the section. . . . It seems apparent, therefore, that the Legislature intended, by the Welfare and Institutions Code, to cover completely the subject of recovery by public agencies from responsible relatives, and that it did not intend to create, and that there is no proper basis for the courts to innovate, a right of recoupment derived from section 206 of the Civil Code." (Accord, *Swoap* v. *Superior Court* (1973) 10 Cal.3d 490, 502 [111 Cal.Rptr. 136, 516 P.2d 840].)

■ Inasmuch as prior decisions have refused to interpret section 206 as imposing a direct liability to public agencies, since the purpose of the statute is to relieve the public treasury from the burden of support, it would be unreasonable to assume a legislative intention to create a direct liability to nonpublic providers. We are precluded from innovating a right of subrogation where the Legislature has not so provided. (*County of San Bernardino* v. *Simmons, supra,* 46 Cal.2d at p. 398.)

Other provisions of the Civil Code indicate a legislative intent to fully encompass the field of familial support obligations and the duty of reimbursement to third parties. For example, section 207 provides: "If a parent neglects to provide articles necessary for his child who is under his charge, according to his circumstances, a third person may in good faith supply such necessaries, and recover the reasonable value thereof from the parent." Section 208 reads: "A parent is not bound to compensate the other parent, or a relative, for the voluntary support of his child, without an agreement for compensation, nor to compensate a stranger for the support of a child who has abandoned the parent without just cause. Nothing in this section shall be construed so as to relieve the parent of the obligation to support a child during any period in which the state, county or other governmental entity furnishes support for the child." Section 210 provides: "Where a child, after obtaining majority, continues to serve and to be supported by the parent, neither party is entitled to compensation, in the absence of an agreement therefor." (See, generally, Civ. Code, §§ 196-239, 4700-4705.)

The Legislature has amended various Civil Code provisions regarding support of family members subsequent to the Supreme Court's interpretation of section 206 in *County of San Bernardino* v. *Simmons, supra,* as it relates to public agencies. (See Civ. Code, §§ 206, 206.5, 206.7, and 208 [all amended after 1956].) Yet no provision has been inserted to provide for a right of subrogation to private providers of necessaries, nor has the Legislature indicated in any way that it disagrees with the court's conclusion that section 206 does not, by itself, offer to public providers a cause of action for recoupment. ██ It is presumed, of course, that where a statute has been construed by judicial decision, and that construction is not altered by subsequent legislation, the Legislature is aware of the judicial construction and approves of it. (*People* v. *Hallner* (1954) 43 Cal.2d 715, 719 [277 P.2d 393].)

██ We conclude, therefore, that the Legislature did not intend that Civil Code section 206 impose an obligation upon parents to reimburse a private provider of medical services to an adult child, and that absent an agreement for reimbursement, plaintiff stated no cause of action.

The judgment of dismissal is affirmed.

Elkington, Acting P. J., and Newsom, J., concurred.