[Civ. No. 17712.   Second Dist., Div. Two.   Oct. 17, 1950.]

CHARLES G. KELLEY, Appellant, v. STATE BOARD OF SOCIAL WELFARE, Respondent.

Charles G. Kelley, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

MOORE, P. J.—Appellant petitioned the superior court to review the proceedings which he had instituted before respondent board for the purpose of obtaining its order directing the Los Angeles County Board of Supervisors to reimburse him in certain sums deducted from their "short" payments of old age aid to appellant. While his petition contains a number of demands and although the court below "reviewed the entire proceedings" as required by sections 2182 and 2182.1 of the Welfare and Institutions Code yet at the time of oral argument appellant waived all his contentions for reversal except his claims that his relief should not be diminished on the hypothesis that he owns a community interest in his wife's earnings.

During the period for which his aid was reduced his wife was employed. He appealed to respondent on a number of occasions from the orders of the board of supervisors relative to his asserted rights to increased allowances. On each review the board considered his contention that his wife's earnings were her separate property. In each instance it was held that Mrs. Kelley's earnings belonged to the community. On a former occasion the superior court approved respondent's order and on appeal that judgment was affirmed by this court in Division Three (82 Cal.App.2d 627 [186 P.2d 429].) In that decision the court considered the board's "finding that the spouse's income is community income" and held that a release signed by appellant relinquishing all rights to his wife's earnings was ineffective in view of the facts that the wife had applied her earnings to the needs of the community, and also she considered her earnings to be community property. After that decision, upon appellant's petition to have reviewed the status of the wife's earnings, the matter was again in June, 1948, brought before respondent board. At that time the board considered a second agreement of appellant and his wife dated in January, 1948, which was after the decision by Division Three. By such agreement it was provided that her earnings would be her separate property. Respondent board decided that such agreement was impotent to effectuate appellant's

wishes. In July, 1948, by amended petition, the identical point was presented by appellant's assertion that his wife's earnings had been her separate property for 25 years.

On this appeal, as in the court below, appellant bases his claim to additional aid upon the same grounds that were urged on prior reviews and upon the same alleged contracts as heretofore presented. The complete file of the superior court in this proceeding is before the court on this appeal. After the "Return of Record" had been filed, appellant presented his brief in which he sets forth his contentions as to why the action of respondent was erroneous. Again he has urged that the judgment should be reversed because of the uncontradicted proof that his wife's earnings are her separate property. Having waived all his points except his contention that his wife's earnings should not be considered in fixing the amount of aid to be paid him, an observation upon that subject will close this discussion.

The decision of Division Three of this court (*supra*) determined not only the constitutional validity of sections 2181[1] and 2184[2] of the Welfare and Institutions Code, but also determined the correctness of respondent's application of those statutes. Moreover, it properly held that under the showing made, Mrs. Kelley's earnings are community property. The proof supporting such finding was (1) her application of her earnings to community needs; (2) payment of her federal income tax on a community property basis; (3) her statement that she considered her earnings to be community property.

---

[1]The board of supervisors, directly or through an authorized investigator, shall upon receipt of an application for aid, promptly, without any unnecessary delay, and with all diligence, make the necessary investigation. Such investigation shall be completed within 60 days after receipt of the application.

The board shall upon receipt of the report of the investigation determine the ability of responsible relatives to contribute to the support of applicant and designate the amount of aid, if any, to be granted. The maximum degree of liability of the responsible relative shall be determined by "Relatives' Contribution Scale." [Omitted herein.] In determining ability to contribute, the financial circumstances of responsible relatives shall be given due consideration and, in unusual cases, contributions at less than the amount fixed by "Relatives' Contribution Scale" may be made as the board of supervisors may deem justifiable. A married daughter of the applicant shall not be required to make contributions unless she has income constituting her separate property.

[2]The board may annually or oftener make such investigation as the board deems necessary to determine the recipient's eligibility to continue to receive aid under this chapter. The amount of aid may be changed or aid may be discontinued if the board finds that the recipient's circumstances have changed sufficiently to warrant it.

Appellant's attempt to release by a writing his interest in the wife's earnings was wholly ineffectual.

■ Coming to the judgment now under review, the only additional fact presented to the board was that appellant had procured his wife to join him in a written agreement that her earnings are her separate estate. At the oral argument he attempted to reinforce the evidential value of such agreement by declaring that he "lives separate and away from" his wife. The board was not impressed by such attempts to circumvent the former decision nor is this court moved by appellant's arguments. There is no denying that spouses may by agreement convert community earnings into separate property so far as they are personally concerned but such agreements are not binding upon respondent in proceedings for determining the amount of aid to be awarded an applicant. It is a truism familiar to all literate men that a spouse takes her mate "in poverty and in wealth, in sickness and in health, so long as they both shall live." The act providing aid for the aged would be a mockery if a wife could live in her mansion in abundance, while scorning her husband in his chill penury or watching the state's beneficence mollify his wretchedness.

Appellant's motion for augmenting the record is granted. His motion "for one basic finding" is denied.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.

A petition for a rehearing was denied November 2, 1950, and appellant's petition for a hearing by the Supreme Court was denied December 14, 1950.