In the Matter of the Application of RAY S. DUNAWAY, as Commissioner of Public Welfare for the County of Jefferson, Petitioner, for an Order Compelling the Support of ANDREW A. SHANNON, a Recipient of Public Relief, by WAVEL SHANNON CLARK, a Daughter of Said ANDREW A. SHANNON, Respondent.

County Court, Jefferson County, July 15, 1940.

*John H. O'Brien, County Attorney,* for the petitioner.

*Angus G. Saunders [A. Raymond Cornwall* of counsel], for the respondent.

DONALDSON, J. This proceeding is brought by the county commissioner of public welfare, pursuant to the provisions of section 125 of the Public Welfare Law, for an order requiring the respondent, Wavel Shannon Clark, to contribute to the support of her father, Andrew A. Shannon, a recipient of public welfare from the county of Jefferson. An application was filed by him on January 9, 1940, and an award was made in the amount of twenty-two dollars per month.

The petition alleges that an investigation made prior to awarding of relief to the recipient disclosed that the respondent was without means to support her father. It further appears from the petition that thereafter the respondent commenced an action in the Supreme Court of Jefferson county for a judgment of separation against her

husband, Edwin S. Clark, and that an application was made to a justice of the Supreme Court for an order fixing an allowance for her support and maintenance during the pendency of the action. An order was made and entered in the Jefferson county clerk's office directing the said Edwin S. Clark to pay the sum of $300 per month commencing on the 22d day of February, 1940. The petition further alleges that the said Wavel Shannon Clark has a daughter and that the sum of $300 per month awarded by the Supreme Court is in excess of the expenses of maintenance of the respondent and her daughter and that her " income " at the present time is sufficient to enable her to support and maintain her father, Andrew A. Shannon. There is no claim that the respondent owns any property or has any money coming to her except the aforesaid alimony.

The respondent admits all the essential allegations of the petition and upon such admissions the county attorney rested his case. The attorney for the respondent thereupon moved for a dismissal of the petition on the ground that there was no evidence that the respondent was of sufficient ability to support her father.

I hold that alimony is not income in the true sense of the word. It cannot be reached in this proceeding. Public policy is against it. The courts have uniformly held that alimony in a separation action is awarded for a particular purpose, that is, for the support and maintenance of the wife and dependent children. There is no other purpose and alimony is provided for no other object.

The Supreme Court has determined, pursuant to the provisions of section 1169 of the Civil Practice Act, that the sum of $300 per month is reasonable for the care, education and maintenance of the respondent's child and for the support of herself. It is not the prerogative of this court to nullify or to modify the order of the Supreme Court.

Alimony is granted in the judgment of a court of equity in accordance with the circumstances of the parties but it never loses its distinctive character. When awarded, it is not so much in the nature of the payment of a debt as in that of the performance of a duty.

There is no liability on the part of Edwin S. Clark to support his father-in-law, and in the language of Judge FINCH in *Romaine* v. *Chauncey* (129 N. Y. 566, 571): " The decree cannot logically work the miracle of transforming the duty which he does owe into one which he does not, and never did owe." Yet this result would be obtained if the relief sought in this proceeding were granted.

The *Romaine* case further states: " It [alimony] is property in one sense, but not in the broad general sense of the term. It is a specific fund provided for a specific purpose, with restraint and

limitation written all over its face by the very law and decree which brought it into existence."

Alimony, as such, cannot be attached in an action against a wife to whom it is awarded except in an action for such necessaries as the husband would be obliged to furnish had the marital relation continued. (*West* v. *Washburn,* 153 App. Div. 460.)

Alimony when awarded is at all times the subject of equitable protection. (*Wetmore* v. *Wetmore,* 149 N. Y. 620.)

Alimony is directed to be paid by the court for the support and maintenance of the wife and children and is not subject to be appropriated to the payment of debts and *liabilities* disconnected from the necessary support and maintenance. (*Matter of Bolles,* 78 App. Div. 180.)

The county attorney moved to strike out the sixth, seventh, eighth and ninth paragraphs of the answer. In view of my decision on the merits it would seem unnecessary to pass on this motion. However, in case of an appeal, my decision in this regard should be reviewed. I hold that the sixth, seventh and eighth paragraphs are relevant.

The ninth paragraph alleges that this proceeding has been inspired by respondent's husband or somebody on his behalf for the purpose of embarrassing and annoying the respondent. This allegation is irrelevant for the reason that the court is not required to investigate the motive back of this proceeding. It is important that the taxpayers be relieved of the burden of supporting a person who has relatives able to support them and these proceedings are to be encouraged in proper cases. If, however, the respondent's husband or somebody on his behalf has been instrumental in having this proceeding brought, their efforts have thus far been fruitless.

The motion to strike out the allegations of the answer is denied as to paragraphs " sixth," " seventh " and " eighth " and granted as to paragraph " ninth."

The petition is dismissed. Prepare order in accordance with this decision.