[Civ. No. 6425.   Third Appellate District.—February 5, 1941.]

COUNTY OF LAKE, Respondent, v. GEORGE H. FORBES, Jr., et al., Appellants.

Lovett K. Fraser for Appellants.

Burt W. Busch, District Attorney, for Respondent.

TUTTLE, J.—This is an action brought by the County of Lake, pursuant to section 2224 of Welfare and Institutions Code, against two adult sons, to recover the amount of $526 paid by respondent county to the parent of said sons under the provisions of the aforesaid law. Judgment was rendered in favor of plaintiff for $526, and defendants have appealed.

On October 1, 1937, the Board of Supervisors of Lake County granted the application of George H. Forbes for aid under the provisions of division III of said code, and ordered that he be paid the sum of $35 per month until the further order of said board. Thereafter, and prior to January 16, 1939, the sum of $526 was paid to George H. Forbes by the County of Lake, pursuant to said order. At the time said order granting aid was made, George H. Forbes, Jr., and O. Forbes were the sons of said aged person, George H. Forbes, and were each of adult age.

Findings were made in favor of respondent upon all issues, and judgment against appellants in the sum of $526 was entered. The appeal is from such judgment.

George H. Forbes, at the time of the trial, was seventy-eight years of age. His only real property consisted of a house and lot, which were reasonably worth, together $1,000. His personal property was under $50 in value. He had no other property. He was unable to support himself. His adult sons, mentioned above, contributed nothing to his support. Discussion of other facts appears later herein.

It is contended by appellants that the finding to the effect that *appellant George H. Forbes* was pecuniarily able to support his father is not sustained by the evidence. The record shows that said appellant, during the time his father was receiving aid, owned a Dodge sedan worth $875; that he had bought twenty shares of American Telephone and Telegraph Company stock at $175 a share, paying one-third down; that in November, 1938, he bought a new Buick automobile; that after he bought the Buick, he bought a Chevrolet sedan; that his net income for the year 1938 was $3,000, and for the year 1937, about $4,000. It also appeared that he was mar-

ried, but had no children. We hold the contention to be without merit.

■ It is next contended by appellants that under section 206 of the Civil Code, it was necessary for the court to find the amount necessary to support the father before they could be compelled to support him. That section reads as follows:

"Reciprocal duties of parents and children in maintaining each other. It is the duty of the father, the mother, and the children of any poor person who is unable to maintain himself by work, to maintain such person to the extent of their ability. The promise of an adult child to pay for necessaries previously furnished to such parent is binding." We do not believe that the action arises out of, or is governed in any manner by said section, but is based solely upon the provisions of section 2224 of the Welfare and Institutions Code, which we quote:

"*Action by county against spouse or children able to support aid recipient: Disposition of sums recovered: Continuance of aid.* If the person receiving aid has within the State a spouse or adult child pecuniarily able to support said person, the board of supervisors shall request the district attorney or other civil legal officer of the county granting such aid to proceed against the kindred in the order of their responsibility to support. Upon such demand the district attorney or other civil legal officer of the county granting aid shall, on behalf of said county, maintain an action, in the superior court of the county granting such aid, against said relatives, in the order named, to recover for said county such portion of the aid granted as said relative is able to pay. Any sum so recovered shall be credited by the county to the county, and to the State in proportion to the contributions of the county and the State respectively. The granting of or continued receipt of aid shall not be contingent upon such recovery."

This section is complete in itself, and gives a right of action to the county where certain facts exist. All of these facts have been here proven. The main question to be determined was whether or not the adult children were pecuniarily able to support the parent. The findings here are in the language of the statute, and, as we have pointed out, they are abundantly supported by the evidence. This contention is not made by the other appellant.

It is also contended by appellants that the court erred in overruling the demurrer to the complaint, which was amended to conform to proofs after the trial. The original complaint did not state that the father was a "poor person". Such allegation is required, appellants contend, by the provisions of said section of the Civil Code. As we have held that the complaint states a cause of action under the Welfare and Institutions Code, it was unnecessary to comply with section 206 of the Civil Code, in stating a cause of action in a case of this character. Assuming that the trial court erred in permitting the amendment, no prejudice resulted from the ruling. The point is without merit.     It also contended that the complaint is vulnerable to demurrer because it does not allege that the Board of Supervisors passed a resolution authorizing the commencement of the action. The point has no merit. The section of the Welfare and Institutions Code quoted above, provides that the board shall merely "request" the district attorney to proceed with the action. No resolution was necessary.

Appellants next contend that the Board of Supervisors found that they were not able to support their father, and that such finding is a conclusive determination of that issue. No express finding of that character was introduced in evidence. It is argued, however, that as the law stood in 1935, it was necessary for the board to make such a finding before relief could be granted to the father. Having made an order granting relief, they argue that the board then must have found that they were not able to support the parent. The legislature, in enacting said section 2224, gave the *superior court* the power to determine whether or not the adult children were able to support their father. The point is without merit.

Other questions are raised by appellants, but they lack sufficient merit to require discussion.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.