[Civ. No. 2978. Fourth Dist. Dec. 14, 1942.]

COUNTY OF SAN BERNARDINO, Appellant, v. ROY C. McCALL, Respondent.

Jerome B. Kavanaugh, District Attorney, and R. J. Farrell, Deputy District Attorney, for Appellant.

Robert Mack Light for Respondent.

James E. Walker, as Amicus Curiae, on behalf of Respondent.

BARNARD, P. J.—This action was brought pursuant to the provisions of section 2224 of the Welfare and Institutions

Code, as amended in 1940, to compel the defendant to reimburse the county for aid which it had furnished to the parents of the defendant, and for an order requiring the defendant to support or contribute to the support of his parents in the future. After a trial the court found for the defendant finding, among other things, that he has been at all times willing to contribute to such support to the extent of his ability, but that he ''is not able to pay any portion of the aid granted as aforesaid, and is not able to contribute to the current support of his said father or mother.'' Judgment was entered accordingly and the plaintiff has appealed.

■ The appellant first contends that the finding to which we have referred is not supported by the evidence. The appellant concedes that the essential question as to the financial ability of the respondent is one of fact and ''therefore, to a large degree, within the sound discretion of the trial court'' and that ''unless a clear abuse of discretion is apparent, the findings of the trial court should not be disturbed'' but argues that an abuse of that discretion here appears.

We are here concerned only with the legal question as to whether the findings on this issue are sufficiently supported by the evidence. It appears therefrom that the respondent is a teacher employed by two institutions, a college and a junior college. He has a wife and a minor child and employs a maid who receives her meals in the home. Some years ago he purchased a home which was financed through a mortgage, upon which he is paying $40.92 a month. He has two life insurance policies upon which he has borrowed $445 and $279, respectively. He also owes $112 on a personal note. His income from his work at the two institutions amounts to $246 a month. During the two summers preceding the trial he earned additional sums teaching in summer school, but the evidence is that the opportunity for such additional earnings will probably not be available in the future.

The evidence discloses that the respondent's expenses for the preceding year, which received the approval of the court, amounted to $281.24 a month. With respect to the current year, while it appears that his income would amount to $246 a month it also appears that he has what may be termed fixed charges, also approved by the court, amounting to $190 a month. This will leave a balance of $56 a month to cover clothes for a family of three, upkeep of an automobile and

various itemized incidentals which the court held to be proper, including an item of $32.50 for the services of a maid in the home. There is evidence that this latter item of expense was necessary under a doctor's order because of the condition of the respondent's wife.

It may be further observed that the respondent's expenses for the preceding year, which the court accepted as necessary and proper under the circumstances proved, amounted to $35 a month more than his income for the current year as established by the evidence. There was evidence, however, that the respondent's wife earned $550 the preceding year and would earn $750 in the current year through teaching in some school. The appellant argues that these earnings are community property under the control of the husband, and that while they may not be taken for the general debts of the husband they were here commingled with other community property and should have been considered by the court as reducing the respondent's expenses to that extent, thereby leaving a balance which should have been subjected to the appellant's claim. If so used, this would theoretically leave a balance of $27 a month available for such purpose. However, there is no evidence that the wife's earnings have been or will be commingled with other community property, and there is no evidence as to what the respondent's wife has done or will do with her earnings. Regardless of the husband's theoretical right thereto it cannot be said that such funds are available to him unless and until they come into his possession. A number of practical considerations suggest themselves in this connection which the trial judge, in his broad experience, may have taken into account. Moreover, in the support of a family many contingencies arise, in addition to the fixed obligations, which call for further funds. The position occupied by the respondent may well impose upon him financial burdens which might be avoided in other callings. The margin here between income and outgo was not large at best and it cannot be said, as a matter of law, that the court abused its discretion or ignored the evidence in reaching its conclusion. While the evidence would have supported a finding the other way, it was entirely a question of fact and it cannot be said that the evidence is so insufficient as to require a reversal.

The only other point raised by the appellant is that with respect to future contributions by the respondent the trial court should have been governed "by the provisions of section 2181 of the Welfare and Institutions Code . . . as amended in 1941, and known as the 'Relatives Contribution Scale.' " It is argued that while the amendment referred to did not become effective until after this action was filed it was effective insofar as the question of future contributions are concerned. It is unnecessary to pass upon the suggested question since it is immaterial here. The scale in question is set up for the guidance of boards of supervisors in fixing the liability of responsible relatives. In any event, this scale could not fix a liability upon the respondent for any amount named therein, without regard to his ability to pay. The question of his ability to pay was properly submitted, was a question of fact for the trial court and its finding thereon could not be controlled by anything contained in the scale. In view of our conclusions on the main issue presented, it is unnecessary to consider other questions which are raised by the respondent and by an amicus curiae brief which was filed.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 8, 1943.