IN RE BIERMAN'S ESTATE

No. 8640

Submitted February 28, 1946. Decided March 30, 1946.

167 Pac. (2d) 350

Mr. Ralph J. Anderson, of Helena, for appellant.
Mr. John E. Patterson, of Missoula, for respondent.

MR. JUSTICE CHEADLE, delivered the opinion of the Court.

Appeal from an order and decree settling the final and supplemental accounts of the administratrix, and ordering distribution of the residue of the estate. The final account disclosed receipt of $830.50. Claims, charges and expenses of administration paid amounted to $404.62. The state department of public welfare had filed its claim in the amount of $358, representing welfare payments theretofore made to the deceased. The supplemental account reflects the receipt of an additional $207.70, which, with the balance shown in the final account, made a total of $633.38. Of this the administratrix had paid additional expenses of $27.54, leaving a balance on hand of $606.04. The supplement contains the following statement: ''For distribution subject to claim of Department of Public Welfare of Montana—$606.04. Claim of Dept. of Pub. Welfare $358.00. First $500.00 exempt from claim of Department of Public Welfare—$500.00. For application to said claim of the Department of Public Welfare of Montana—$106.04.''

The administratrix petitioned for an order approving the accounts and fixing the amount to be paid on the claim of the department of public welfare. The department filed objections to settlement of the accounts, asking that its claim be paid in full before distribution to the heirs.

With reference to the department's claim the order and decree appealed from recites:

"This estate was duly appraised at the sum of $880.50. The claim of the Welfare Board for old age assistance rendered to the deceased in the amount of $358.00 was duly presented and allowed. All preferred claims consisting of the expenses of last illness, funeral and expenses of administration have been paid, and there remain no general unpreferred claims unpaid except the claim of the Department of Public Welfare. * * *

"Chapter 178, Montana Session Laws, 1943, seems to control the situation presented by the Welfare claim. 'Estate' in such Act means what is left after payment of preferred claims and expenses of administration, and $500.00 of what is left is exempt from claims for old age assistance. Making a distinction between 'heirs' and 'estate' is not warranted by the statute. The $500.00 is exempt from old age assistance, and should be distributed to those to whom it belongs. Whether this goes to the general creditors or the devisees, or heirs, should be of no concern to this objector. The State Welfare is excluded from that $500.00. It can only claim the excess in this case, the sum of $106.04. The opinion of our Attorney General, in vol. 20, page 182, is cited by objectors, and given careful consideration. It seems to completely overlook this $500.00 exemption to the estate for the benefit of the general creditors and their heirs, as against the welfare claim; so in arriving at a different conclusion from this court, such opinion is contrary to the plain purpose, intent and language of the statute, and must be disregarded as in any way applicable to the situation before us."

The order then directs distribution of $106.04 to the department and $250 each to the two devisees.

The sole question involved appears to be that of the interpretation of Chapter 178 of the Laws of 1943. Specifically, as put by the appellant, the question is: Where the State Department of Public Welfare has an allowed claim against the estate of a deceased old age recipient for grants made to the deceased, and the estate exceeds $500 in value, may the de-

partment participate in the residue over the first $500, or after the payment of preferred claims and expenses, must the residue to the extent of $500 be exempted or paid to the heirs of the deceased before the department may receive any payment on its claim.

The portion of Chapter 178 requiring our attention follows: ■ ''Upon the death of any recipient of old age assistance his estate, to the extent of five hundred dollars ($500.00), shall be exempt from claim for old age assistance paid under this act. If, upon the death of any recipient of old age assistance he shall leave an estate of five hundred dollars ($500.00) or less, according to the inventory and appraisement filed in the matter of the estate of such person, no claim shall be allowed against the estate of such person for assistance paid under this act. If such person shall leave estate in excess of five hundred dollars ($500.00), according to the inventory and appraisement filed in the matter of the estate of such person, the state department of public welfare shall execute and present a claim against the estate of the person within the time specified in the published notice to creditors in the estate matter for the total amount of assistance paid under this act.''

Appellant concedes that the claim of the department is not entitled to participate in the first $500 of the estate because the statute expressly exempts that amount. It contends that this amount is to be applied, first: To the payment of expenses of administration and preferred claims; second: To the payment of nonpreferred, or general, claims; third: Any residue then remaining of this $500 to be paid to the heirs. Appellant further contends that after such an application of the first $500, the claim of the department is entitled to payment from assets of the estate as a general creditor, and to receive payment of its claim in full before the heirs are entitled to participate in such excess over the first $500.

The trial court's decree is apparently based upon its interpretation that the word ''estate,'' as used in Chapter 178 means

"what is left after payment of preferred claims and expenses of the administration;" and, therefore, that the first $500 remaining after payment of such claims and expenses is exempt from claim of the department of public welfare for old age assistance grants. Such an interpretation would seem to provide an exemption beyond the amount intended by the legislature, conceivably in favor of persons not contemplated—viz., general creditors of the estate. The wording of the third sentence of the Chapter makes it plain that the value of the estate contemplated is that amount shown by the inventory and appraisement. This valuation is in no way affected by the amount of preferred claims filed or the expenses of administration.

Much is said in the briefs concerning the practical construction placed upon an opinion of the attorney general subsequent to the enactment of Chapter 178, Laws of 1943. We think the clear intention of that enactment, as expressed by the wording used therein, eliminates the necessity of resort to the method of construction suggested. In view of this wording it seems plain that the word "estate" as used therein, means, and was intended to mean, the value of the property of the deceased, as disclosed by the inventory (by statute, sec. 10131, Rev. Codes, a list containing "all the estate of the decedent, real and personal"), and the appraisement (by the same statute, each of the articles shown in the inventory, listed separately, with the value thereof in dollars and cents, in figures, opposite to the articles, respectively).

We must hold that the welfare department is entitled to share in the estate, as shown by the inventory and appraisement, in value in excess of $500, and under the statute must file its claim for the total amount of assistance paid the deceased. Since such excess, in this case, was more than sufficient to pay appellant's claim, the same should be allowed and paid in full.

The cause is remanded with directions to the trial court to modify the order and decree appealed from accordingly.

Mr. Chief Justice Johnson, and Associate Justices Morris, Adair, and Angstman, concur.