[Civ. No. 18850.   Second Dist., Div. Three.   Oct. 3, 1952.]

COUNTY OF LOS ANGELES, Respondent, v. RALPH
EDWARD LANE, Appellant.

Edward Raiden and Charles E. Tady for Appellant.

Harold W. Kennedy, County Counsel, Gerald G. Kelly, Assistant County Counsel, and Robert C. Lynch, Deputy County Counsel, for Respondent.

VALLÉE, J.—The county of Los Angeles brought this action pursuant to section 2224 of the Welfare and Institutions Code[1] to recover old age aid paid to defendant's mother. The county had judgment from which defendant appeals.

About November 1, 1944, the Board of Supervisors of the County of Los Angeles granted the application of Selma B. Lane, mother of defendant, for aid to the aged, and during the period from November 1, 1944, to December 31, 1947, the county paid $1,747 to her. The amounts of the payments were determined by the board pursuant to the provisions of section 2020 based on the needs of the recipient, after deducting from the amounts of such needs the sum of $15 each month paid directly to her by defendant. The board determined that defendant was pecuniarily able to contribute to the support of his mother on August 15, 1944, June 4, 1945, December 10, 1946, and May 13, 1947.

Defendant failed to make the contributions determined by the board of supervisors,—hence this action.

Section 2181, in relevant part, provides: "The board of supervisors, directly or through an authorized investigator, shall upon receipt of an application for aid, promptly, with-

[1]All section references are to the Welfare and Institutions Code unless otherwise indicated.

out any unnecessary delay, and with all diligence make the necessary investigation. Such investigation shall be completed within 60 days after receipt of the application.

"The board shall upon receipt of the report of the investigation determine the ability of responsible relatives to contribute to the support of applicant and designate the amount of aid, if any, to be granted. The maximum degree of liability of the responsible relative shall be determined by 'Relatives' Contribution Scale.'" The section establishes a relatives' maximum contribution scale based upon the monthly income of the relative and the number of persons dependent on that income for support.

Section 2224, in relevant part, provides: "The board of supervisors shall determine if the applicant or recipient of aid has within the State a spouse or adult child pecuniarily able to contribute to the support of the applicant or recipient of aid. A brief form shall be sent to the relative inquiring whether the relative is in fact contributing and will continue to contribute to the support of the applicant pursuant to the provisions of Section 2181. This form shall be completed by the relative as a sworn statement. . . .

"If the person receiving aid has within the State, a spouse or adult child found by the board of supervisors pecuniarily able to support said person, the board of supervisors shall request the district attorney or other civil legal officer of the county granting such aid to proceed against such kindred in the order of their responsibility to support. Upon such demand the district attorney or other civil legal officer of the county granting aid shall, on behalf of said county, maintain an action, in the superior court of the county granting such aid, against said relative, in the order named, to recover for said county such portion of the aid granted as said relative is able to pay, and to secure an order requiring the payment of any sums which may become due in the future for which the relative may be liable."

Defendant's first point is that there is no authority for recovery from an adult child of aid granted the parent before the superior court acquires jurisdiction.

■ Section 2224 gives the county a right of action if the person receiving aid has within the state a spouse or adult child pecuniarily able to support him, and recovery may be had of such portion of the aid advanced as the relative is able to pay. (*County of Los Angeles* v. *La Fuente,* 20 Cal.2d 870, 878 [129 P.2d 378].) Under the express terms of the section,

the recovery may be for "such portion of the aid granted as said relative is able to pay," and, in addition, an order for future payments. Recovery of the aid granted patently means that granted by the board of supervisors prior to the commencement of the action.

Section 2224 says that recovery may be had for such portion as the relative "is able to pay." The court found: ". . . defendant was pecuniarily able to pay to plaintiff during the period of November 1, 1944, to and including December 31, 1947, the sum of $1,708.00."

Defendant argues that section 2224 permits recovery for only such portion of the aid granted as the relative is able to pay at the time the action is commenced, and not such portion as he was able to pay at the time the board of supervisors determined he was pecuniarily able to support his mother. We think the statute means the portion the relative is able to pay at the time the board of supervisors determines he is pecuniarily able to contribute to the support of the applicant or recipient. The obligation to support is on the relative, not the county. Liability for the aid granted is on the spouse or adult child pecuniarily able to support the applicant or recipient. (*County of Los Angeles* v. *La Fuente*, 20 Cal.2d 870, 873-874 [129 P.2d 378].) The obligation of the relative to contribute to the support of the applicant or recipient, is during the time the county is providing aid as well as thereafter; it is a continuing obligation; it is "preexistent to and independent of" the aid granted by the county. (*Kelley* v. *State Board of Social Welfare*, 82 Cal. App.2d 627, 631-632 [186 P.2d 429].) The statute merely provides a method by which the county may enforce the obligation of the responsible relative and be reimbursed for the aid extended.

In *County of Lake* v. *Forbes*, 42 Cal.App.2d 744 [109 P.2d 972], the finding of the court was that the defendant's son *was* pecuniarily able to support his father, and a judgment against him was upheld. The court said the main question to be determined in an action of this character is whether "the adult children were pecuniarily able to support the parent," and that section 2224 gives the superior court power to determine whether "the adult children were able to support their father."

Defendant contends that the procedure prescribed by section 2224 was not followed in this case. Prior to 1943, the

relevant part of section 2224 read: "If the person receiving aid has within the State, a spouse or adult child pecuniarily able to support said person . . ." an action may be maintained against said relative. (Stats. 1943, p. 1592, ch. 358.) In 1945, the quoted part was amended to read: "If the person receiving aid has within the State, a spouse or adult child *found by the board of supervisors* pecuniarily able to support said person . . ." (Stats. 1945, p. 2474, ch. 1319. Italics added.)

Defendant argues that the section, as amended, requires a formal finding by the board of supervisors that the person receiving aid has a spouse or adult child pecuniarily able to support the recipient before an action may be maintained; that no such finding was made in this case; and that, therefore, the action must fall. We think the board of supervisors made a sufficient finding.

Section 2181 authorizes the board, directly, or through an authorized investigator, to make the necessary investigation; and establishes the required monthly contributions from responsible relatives based on 1) the net monthly income of the responsible relative, and 2) the number of persons dependent on the income. The finding contemplated by section 2224 is merely the board's determination of the fact that the spouse or adult child is pecuniarily able to contribute to the support of the applicant or recipient of aid. Section 2224 empowers the superior court to determine whether the spouse or adult child is pecuniarily able to support the recipient. (*County of Lake* v. *Forbes,* 42 Cal.App.2d 744 [109 P.2d 972].)

In the present case, defendant supplied the Bureau of Public Assistance of the county with the required information on forms sent to him entitled "Statement of Responsible Relative of Applicant Under Old Age Security Law," showing gross income, net income, the number of persons dependent on the income, and the amount he was contributing to the support of his mother. The bureau then performed the ministerial act of preparing a schedule by applying the "Relatives' Contribution Scale" prescribed by section 2181 to the data furnished by defendant. The bureau then reported the result to the board of supervisors. The board then, on each of the four instances mentioned, acting on the data furnished by defendant and the schedule prepared by the bureau, adopted a resolution by which it determined that defendant was able to contribute a specified sum to the support of his

mother, and fixed such sum as the amount of his liability. Defendant was then notified of the action of the board. The resolution of the board, in each instance, was a sufficient finding under section 2224.

No other points are made.

Affirmed. ·

Shinn, P. J., and Wood (Parker), J., concurred.