[S. F. No. 19070. In Bank. Oct. 22, 1954.]

COUNTY OF CONTRA COSTA, Respondent, v. FRANCES LASKY, Appellant.

Gendel & Raskoff and Bernard Shapiro for Appellant.

Frances W. Collins, District Attorney (Contra Costa), and David J. Levy, Deputy District Attorney, for Respondent.

CARTER, J.—Defendant appeals from a judgment against her for $225 in favor of plaintiff county, being $75 per month for the months June, July and August, 1951. The amount represents the alleged liability for those months of defendant, the adult daughter of Mrs. Alta Hachenberger, for support furnished to the latter by plaintiff under the Old Age Security Law. (Welf. & Inst. Code, § 2000 et seq.)

From the stipulation of the parties and the findings of the court it appears defendant is the adult daughter of Mrs. Hachenberger. The latter made due application to plaintiff county and qualified under the Old Age Security Law to receive old age assistance. Plaintiff granted aid and paid Mrs. Hachenberger $75 per month for the months June, July and August, 1951. Thereafter Mrs. Hachenberger moved to another county. When the application was made defendant supplied to the board of supervisors a statement of responsible relative (Welf. & Inst. Code, § 2225) and refused the board's demand that she contribute to the support of her mother.

Defendant is divorced from her husband and has custody of a minor child. Her sole income is what she receives from her former husband for the support of herself and child, the amount being a percentage of her ex-husband's earnings as a freelance writer. The court found that during the months for which judgment was rendered against her she received $660.60 per month support money; defendant was buying a home and a 1950 Chrysler, sending her child to a private school, and employing a gardener, yet accumulated $1,400 which she loaned to her former husband on a three-year note; that she was pecuniarily able to contribute $75 per month to the support of her mother.

Defendant contends: (1) That the support received by her from her ex-husband under the divorce decree was not income within the meaning of section 2181 of the Welfare and Institutions Code and with only such income she is not a person pecuniarily able to support her mother within the provisions of section 2224 of that code; (2) that even including that income she is not pecuniarily able to support her mother

because of reasonable and necessary expenses and the contrary determination of the trial court is in conflict with the decree in the divorce action, and, in effect, requires her ex-husband to support his former mother-in-law.

Section 206 of the Civil Code provides that it is the duty of the child of any "poor person who is unable to maintain himself by work, to maintain such person to the extent" of his ability. Section 2181 of the Welfare and Institutions Code in 1951 provided: "The board shall upon receipt of the report of the investigation determine the ability of responsible relatives to contribute to the support of applicant and designate the amount of aid, if any, to be granted. The maximum degree of liability of the responsible relative shall be determined by 'Relatives' Contribution Scale.' In determining ability to contribute, the financial circumstances of responsible relatives shall be given due consideration and, in unusual cases, contributions at less than the amount fixed by 'Relatives' Contribution Scale' may be made as the board of supervisors may deem justifiable. A married daughter of the applicant shall not be required to make contributions unless she has income constituting her separate property."* Under the schedule to which reference is made a responsible relative with a monthly income of $651 to $675 with two persons dependent on the income is supposed to contribute $75 per month to the support of the needy aged person. Section 2224 of the same code provides in part: "The board of supervisors shall determine if the applicant or recipient of aid has within the State a spouse or adult child pecuniarily able to contribute to the support of the applicant or recipient of aid. . . .

"If the person receiving aid has within the State, a spouse or adult child found by the board of supervisors pecuniarily able to support said person, the board of supervisors shall request the district attorney or other civil legal officer of the county granting such aid to proceed against such kindred in the order of their responsibility to support. Upon such demand the district attorney or other civil legal officer of the county granting aid shall, on behalf of said county, maintain an action, in the superior court of the county granting such

---

*The section was amended in 1953, a part of the amendment changing the last sentence to read: "For purposes of this chapter, income of a responsible relative is defined as the sum of the income constituting the separate property of the responsible relative, the income (excluding earnings) which is community property subject to the direction and control of the responsible relative, and the earnings of the responsible relative but not of his or her spouse."

aid, against said relative, in the order named, to recover for said county such portion of the aid granted as said relative is able to pay, and to secure an order requiring the payment of any sums which may become due in the future for which the relative may be liable."

There is a conflict in the cases as to whether the basic liability of responsible relatives is section 206 of the Civil Code or the provisions of the Welfare and Institutions Code. It has been held that the latter code provisions are complete in themselves and the liability of responsible relatives to the county is thereby established. (*County of Lake* v. *Forbes*, 42 Cal. App.2d 744 [109 P.2d 972]; *County of Los Angeles* v. *Lane*, 113 Cal.App.2d 476 [248 P.2d 479]; *County of Los Angeles* v. *La Fuente*, 20 Cal.2d 870 [129 P.2d 378].) Seemingly to the contrary are *Garcia* v. *Superior Court*, 45 Cal.App.2d 31 [113 P.2d 470], and *Kelley* v. *State Board of Social Welfare*, 82 Cal.App.2d 627 [186 P.2d 429].) ██ Although it is not important in this case, we believe the matter is adequately covered by the Welfare and Institutions Code and it is the measure of the extent of the responsible relative's liability to the county. It is to it we must look to ascertain whether the relative is required, in a particular case, to reimburse the county.

██ The pertinent statutory provisions, *supra*, make reference to the "monthly income" and to "pecuniary ability" of the responsible relative to furnish support to one within the kinship class mentioned. No attempt was made to define those terms, at least until the 1953 amendment, *supra*, to section 2181. At the time here in question there was the provision that a married daughter of the applicant for old age benefits shall not be required to make contribution unless she has income which is her separate property. It is true we are not dealing with a married woman here (the parties have been divorced) and the support payments, after plaintiff receives them, are her separate property, yet the spirit of that provision is that a husband shall not be required to support his mother-in-law out of either his separate property or community property and that is the general rule (*Grace* v. *Carpenter*, 42 Cal.App.2d 301 [108 P.2d 701]; *Application of Dunaway*, 174 Misc. 735 [22 N.Y.S.2d 69]). It is anomalous to say the situation is changed because there is a divorce with an order for support payments. The basis of those support payments is the husband's obligation to support his wife during marriage which is continued after divorce. Thus if he is not

responsible for his wife's parents' support during marriage he should not be after divorce where the funds he pays to his ex-wife are the same as he would use to support her during marriage. For the same reason the funds are not responsible for his mother-in-law's support after they have reached the ex-wife's (defendant here) hands. If they were, then by analogy, money he handed to her during marriage to pay for living expenses of the family would also be her separate property and liable for her mother's support. Neither before nor after divorce when he is furnishing support, is he making a gift to his wife or ex-wife. If one of the purposes of the rule excusing him from supporting his wife's parents is that otherwise there would be an interference with his right of management of the community property, the reason still applies even though there is a divorce as he has right of control over his own funds and has the right to show in the divorce action that the alimony should be reduced. The divorce decree and its susceptibility to modification as to alimony is another reason supporting the conclusion here reached. It creates a confusing situation where the court in the divorce action has fixed the amount he must pay to support his wife and for another court in an action (as we have here) under the Welfare and Institutions Code to decide that the alimony is more than enough; indeed that there is enough left over to support defendant's mother. After the latter determination presumably the ex-husband could request in the divorce action that the alimony be reduced. Suppose a reduction is made; the county could again, in effect, reverse that decision, by finding there was still enough to require plaintiff to support her mother. Such detraction from the finality of judgments and multiplicity of alterations thereof should not be countenanced unless there is unequivocal expression of the Legislature to that effect.

▉ While the court was dealing with a separate maintenance decree and an action by the public agency to compel the wife recipient of support money payable thereunder under New York welfare laws, the reasoning is persuasive in *Application of Dunaway, supra,* 174 Misc. 735 [22 N.Y.S.2d 69, 71]. The court in holding that the alimony could not be considered in determining the wife's ability to support her father said: ''I hold that alimony is not income in the true sense of the word. It can not be reached in this proceeding. Public policy is against it. The Courts have uniformly held that alimony in a separation action is awarded for a particular purpose,

that is, for the support and maintenance of the wife and dependent children. There is no other purpose and alimony is provided for no other object.

"The Supreme Court has determined, pursuant to the provisions of § 1169 of the Civil Practice Act, that the sum of $300 per month is reasonable for the care, education and maintenance of the respondent's child and for the support of herself. It is not the prerogative of this Court to nullify or to modify the order of the Supreme Court.

"Alimony is granted in the judgment of a Court of Equity in accordance with the circumstances of the parties, but it never loses its distinctive character. When awarded, it is not so much in the nature of the payment of a debt as in that of the performance of a duty.

"There is no liability on the part of Edwin S. Clark to support his father-in-law and . . . 'The decree cannot logically work the miracle of transforming the duty which he does owe into one which he does not and never did owe.' Yet this result would be obtained if the relief sought in this proceeding were granted."

 There is another factor of significance. The divorce decree ordered the payment of the support money for the support of defendant wife *and the minor child*. No segregation was made in the divorce decree showing what portion of the monthly payments were for the child's support and what portion for the wife. It is not appropriate for the court in the instant action in which the husband is not represented to make the apportionment which it would have to do before it could ascertain defendant's ability. It would have to do that because manifestly any portion received by the wife for the child's support is not part of her income and cannot be considered in determining her ability to support her mother. The proper forum for making such an allocation, if it must be made, is the court in which the divorce decree was rendered. (See *Wilkins* v. *Wilkins,* 100 Cal.App.2d 730 [224 P.2d 371].)

 If we assume the court may make the apportionment in the instant action, it did not do so here. Plaintiff has not proved how much of the support money was for the child's support and hence has failed to supply facts upon which a determination could be made respecting the ability of defendant to support her mother. Ability has not been shown when a portion of the income proved was not defendant's but was for the child.

We hold, therefore, that in the absence of proof of other

income, alimony payable under a divorce decree may not be considered in determining the ability of recipient wife to support her mother, or as income for that purpose.

The judgment is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.