[Civ. No. 23315.   Second Dist., Div. Three.   Mar. 9, 1959.]

COUNTY OF LOS ANGELES, Respondent, v. GEORGE
KASPARIAN, Appellant.

Fadem & Memel and Jerrold A. Fadem for Appellant.

Harold W. Kennedy, County Counsel, and Alister McAlister, Deputy County Counsel, for Respondent.

VALLÉE, J.—Appeal by defendant from an adverse judgment in an action to recover aid paid by the county of Los Angeles to his father and mother under the Old Age Security Law. (Welf. & Inst. Code, § 2000 et seq.)

Prior to June 1, 1956, the board of supervisors of the county granted the applications of Bedros Kasparian and Mary Kasparian for aid to the aged and fixed the amount to be paid to them. Beginning June 1, 1956, to and including March 31, 1957, the county paid Bedros and Mary, respectively, $85 a month for four months and $89 a month for six months, a total to both of $1,748, pursuant to the grants. On May 22, 1956, the board established $150 a month as the pecuniary ability of defendant, an adult son of Bedros and Mary, to contribute to their support; and on October 2, 1956, established $155 a month as his pecuniary ability. The county demanded of defendant that he pay it $1,530, the sum of the

established pecuniary ability from June 1, 1956, through March 1957. Defendant refused to pay.

The prayer of the complaint was that the county recover the $1,530 and that defendant be ordered to pay the county $155 on the first day of each month as reimbursement to it for old-age aid extended to Bedros and Mary, such payments to continue until further order of the court. In his answer defendant denied that his income was sufficient to pay the amounts established by the board.

Findings were waived. Judgment was that the county recover $2,610 from defendant, representing reimbursement for the amounts granted from June 1956 through December 1957, and that defendant pay the county $155 a month from January 1, 1958, until further order of the court.

The facts with respect to defendant's ability to pay were stipulated. Defendant is married and has three minor children. His parents live with him and his family. Defendant's income is derived from a sole proprietorship business. He operates a five-man custom furniture manufacturing shop. During 1956 the business produced a net income of $17,742.66. Defendant had previously been in partnership with two other persons. He had purchased their interests and was paying for them in installments. In 1956 he paid these items: (1) to his former partners, $3,333.36 on the purchase price of their interests; (2) federal and state income taxes, $5,558.76; (3) increased inventory for the business, $5,238.40; (4) new equipment for the business, $1,874.87. For the taxable year 1956 defendant's federal income tax liability was $3,274 and his state tax liability was $138. He paid a balance of $2,146.76 on 1955 federal income taxes. During the period from June 1, 1956, to June 1, 1957 he drew $125 a week from the business and from June 1, 1957, he drew $135 a week. Since April 1, 1957, defendant has contributed $35 a month to his parents' support.

In determining the figure of $155 a month as the amount defendant was pecuniarily able to contribute from June 1, 1956, through December 1957, the court disregarded the amounts he expended on the purchase of his former partners' interests, for increased inventory, and for new equipment. Defendant contends these amounts should have been deducted in determining his financial responsibility for the support of his parents in 1956 and 1957. The court apparently allowed a deduction of 20 per cent on account of income taxes paid.

The Welfare and Institutions Code, to which all ref-

erences apply unless otherwise indicated, is the measure of the extent of a responsible relative's liability to the county. (*County of Contra Costa* v. *Lasky*, 43 Cal.2d 506, 509 [275 P.2d 452].) The superior court is authorized to determine whether defendant was pecuniarily able to contribute to the support of his parents. (*County of Los Angeles* v. *Hurlbut*, 44 Cal.App.2d 88, 106 [111 P.2d 963].)

Section 2181 provides: "The board of supervisors shall determine the ability of responsible relatives to contribute to the support of applicant and designate the amount of aid, if any, to be granted. The maximum degree of liability of the responsible relative shall be determined by 'Relatives' Contribution Scale.' In determining ability to contribute, the financial circumstances of responsible relatives shall be given due consideration and, in unusual cases, contributions at less than the amount fixed by 'Relatives' Contribution Scale' may be made as the board of supervisors may deem justifiable.

"For purposes of this chapter, income of a responsible relative is defined as the sum of the income constituting the separate property of the responsible relative, the income (excluding earnings) which is community property subject to the direction and control of the responsible relative, and the earnings of the responsible relative but not of his or her spouse.

"In computing net income, a flat 20 percent allowance shall be permitted in lieu of a reduction for the actual amount of personal income taxes. . . .

"A responsible relative who is self-employed shall also be allowed to deduct the expenses necessary for obtaining the income."

The scale is set out in the section. ■ The "Relatives' Contribution Scale" set up by section 2181 is for the guidance of the board of supervisors in fixing the liability of responsible relatives. It does not fix a liability on a responsible relative for any amount named therein without regard to his ability to pay. The question of ability to pay is one of fact. (*County of San Bernardino* v. *McCall*, 56 Cal.App.2d 99, 102 [132 P.2d 65].)

Section 2140 provides that the State Board of Social Welfare shall have the power to "prescribe, by regulation, the form of application, the manner and form of all reports and such additional rules and regulations as are reasonably necessary for carrying out the provisions of this chapter, and not inconsistent therewith." Section 2224 states, "A form shall be sent to the relative requiring the information essential to the

determination of the relative's liability to support under said scale." Pursuant to these provisions, the Board of Social Welfare prescribed the form and content of a Statement of Responsible Relative which, under the heading "Definitions," states "the expenses necessary for obtaining the income" (§ 2181) a responsible relative who is self-employed is allowed to deduct in the determination of his net income. It says:

"EXPENSES OF INCOME FROM SELF-EMPLOYMENT AND OTHER SOURCES . . . Allowable expenses to be recorded . . . are:

"1. Principal, interest, taxes, insurance, repairs, etc., in connection with income from any real or personal property.

"2. Expenses necessary to the operation of a farm or business or conduct of a trade or profession, such as interest and principal payments, depreciation, taxes, salaries and wages, cost of merchandise sold, rent, repairs, incidental supplies, and all other expenses, including travel, necessary to operate and maintain an enterprise and preserve the capital investment. Obligations incurred for the business or farm operation which are due but unpaid are recognized when determining net income. Do not include living expenses, personal social security taxes, other personal insurance or retirement contributions (voluntary or involuntary), personal income taxes, stock or bond deductions of any kind. . . ."

The "net income" of a responsible relative, as defined by the statute and the rules of the Board of Social Welfare, is the measure of defendant's pecuniary ability. The rules prescribe the formula whereby to compute the amount of the income of a self-employed responsible relative in determining how much he shall contribute to the county. Pertinent here is that in making the calculation there are to be deducted from gross income "Principal"; "interest"; "interest and principal payments"; "cost of merchandise sold"; "all other expenses . . . necessary to operate and maintain an enterprise and preserve the capital investment."

The item of $3,333.36 paid by defendant in 1956 to his former partners on the purchase price of their interests in the business clearly comes within "Principal" and "interest and principal payments," and is deductible from defendant's gross income in calculating the amount he is able to contribute to the county. (See *County of San Bernardino* v. *McCall*, 56 Cal. App.2d 99 [132 P.2d 65], in which payments on a mortgage on the relative's home and on his personal note were allowed as deductions from income.)

The items of $5,238.40 paid for increased inventory and $1,874.87 paid for new equipment do not come within any of the items specified as deductible in either the statute or the rules of the Department of Social Welfare. Those items are capital expenditures; they are an increase of capital. The rules of the department permit deduction of "depreciation" and "cost of merchandise sold." The costs of increased inventory and new equipment are deductible by taking the cost of merchandise sold and the depreciation at the end of each year. To permit deduction of the cost of increased inventory and new equipment would result in permitting a double deduction—first when the goods and equipment were purchased, and again when they were sold or depreciated. It is reasonable depreciation and cost of merchandise sold—not the initial cost—which may be deducted in computing net income.

There is no merit in defendant's contention that the provision of section 2181 limiting the deduction of income taxes paid to 20 per cent is unconstitutional. (See *Kelley* v. *State Board of Social Welfare,* 82 Cal.App.2d 627, 632-633 [186 P.2d 429]; *County of Los Angeles* v. *Hurlbut,* 44 Cal. App.2d 88, 93 [111 P.2d 963].) Exemptions of specific amounts have been upheld. (See *In re Gilbert's Estate,* 73 Ariz. 261 [240 P.2d 534]; *In re Bierman's Estate,* 118 Mont. 481 [167 P.2d 350].) There is no constitutional infirmity in allowing a deduction of 20 per cent in lieu of the actual amount of personal income taxes. There is reasonable basis for the classification, and all persons within the class are treated equally. (See *Mallatt* v. *Luihn,* 206 Ore. 678 [294 P.2d 871, 882].)

Defendant asserts the court erred in adjudging that the county recover $155 a month payable on the first of each month commencing January 1, 1958, and "continuing for such time as Old Age Aid is extended to Bedros Kasparian and Mary Kasparian, until further order of Court such payment to apply as current reimbursement to plaintiff for Old Age Assistance granted" to Bedros and Mary. The point is well taken. Section 2224 authorizes the court to render judgment for "such portion of the aid granted as said relative is able to pay" and to make "an order requiring the payment of any sums which may become due in the future for which the relative may be liable." The statute does not authorize the court to fix the amount the relative shall pay in the future. It authorizes the court merely to order the relative to pay any sums which may become due in the future for which the rela-

tive may be liable. The sums for which the relative may be liable of course may vary from time to time. The board of supervisors may change the amount of aid granted from time to time, as it did in this case, and it may reestablish the amount of defendant's pecuniary ability to pay, as it did in this case. (See Welf. & Inst. Code, §§ 2160.6, 2184, 2220, 2222, 2224.1.)

The judgment is reversed for further proceedings consistent with this opinion.

Shinn, P. J., and Wood (Parker), J., concurred.