[Civ. No. 25434. Second Dist., Div. Two. Oct. 19, 1961.]

COUNTY OF LOS ANGELES, Respondent, v. WILLIE LEE YOUNG, Appellant.

Leo Branton, Jr., for Appellant.

Harold W. Kennedy, County Counsel, and Peter R. Krichman, Deputy County Counsel, for Respondent.

ASHBURN, J.—The county of Los Angeles brought this action pursuant to section 2224, Welfare and Institutions Code, to recover a portion of old age aid paid to defendant's mother. Defendant appeals from judgment for the county.

Section 2224[1] provides in pertinent part as follows: "The board of supervisors or an agent designated by the board shall determine if the applicant or recipient of aid has within this State a spouse or adult child responsible to contribute to the support of the applicant or recipient of aid pursuant to the relatives' contribution scale of Section 2181. A form shall be sent to the relative requiring the information essential to the determination of the relative's liability to support under said scale. . . .

"If the person receiving aid has within the State a spouse or adult child found by the board of supervisors or its authorized representative pecuniarily able to support said person, the board of supervisors may request the district attorney or other civil legal officer of the county granting such aid to proceed against such kindred in the order of their responsibility to support. Upon such demand, the district attorney or other civil legal officer . . . shall, on behalf of said county, maintain an action, in the superior court of the county granting such aid, against said relative, in the order named, to recover for said county such portion of the aid granted as said relative is able to pay, and to secure an order requiring the payment of any sums which may become due in the future for which the relative may be liable. . . ."

Section 2181: "The board of supervisors shall determine the ability of responsible relatives to contribute to the support of applicant and designate the amount of aid, if any, to be granted. The maximum degree of liability of the responsible relative shall be determined by 'Relatives' Contribution Scale.' In determining ability to contribute, the financial circumstances of responsible relatives shall be given due consider-

---

[1] All section references are to the Welfare and Institutions Code unless otherwise indicated.

ation and, in unusual cases, contributions at less than the amount fixed by 'Relatives' Contribution Scale' may be made as the board of supervisors may deem justifiable. . . .''

The matter is submitted upon an agreed statement. It is stipulated that defendant is the adult son of Della King and that Della King was the recipient of old age assistance from the county of Los Angeles. The board of supervisors ''established'' the pecuniary ability of the defendant to contribute to the support of his mother in the amount of $25 per month, and subsequently ''re-established'' this ability in the amount of $85 per month. The aid that was rendered to the mother of defendant by the county was in an amount in excess of the defendant's ability to contribute. Upon demand, defendant refused to pay according to the amount fixed by the board, or in any amount whatsoever.

There was no evidence received on the subject of the pecuniary ability of the defendant to support his mother other than the fact of the two orders of the board of supervisors establishing and reestablishing defendant's pecuniary ability to contribute the fixed sums as above set forth. Appellant proved that at the time of the said finding of the board of supervisors, and at the time of trial, appellant's mother had a spouse then living, and that the plaintiff had not proceeded against said spouse. There was no evidence concerning whether or not the spouse of the recipient of aid had a pecuniary ability to contribute to her support. Appellant did not testify in the case.

The issues on appeal are stated as follows: (1) Was it error for the trial court to find pecuniary ability of defendant to pay in the absence of any evidence on the subject other than the finding of the board of supervisors establishing appellant's ability to contribute to the support of his parent? (2) Was it essential to the plaintiff's case to show that the parent had no spouse pecuniarily able to contribute to her support?

It must be assumed that the board of supervisors established appellant's liability to contribute in the amounts stated in accordance with sections 2181 and 2224, and the scale set forth in the former section. But: ''The scale in question is set up for the guidance of boards of supervisors in fixing the liability of responsible relatives. In any event, this scale could not fix a liability upon the respondent for any amount named therein, without regard to his ability to pay. The question of his ability to pay was properly submitted, was a question of fact for the trial court and its finding thereon could not be controlled by anything contained in the scale.'' (*County of*

*San Bernardino* v. *McCall,* 56 Cal.App.2d 99, 102 [132 P.2d 65].)

*County of Los Angeles* v. *Hurlbut,* 44 Cal.App.2d 88, 93 [111 P.2d 963] : ''The ultimate responsibility of the adult child is not to be determined by the board. Their only power ultimately affecting one who is legally liable is to request the proper civil legal officer to proceed against such adult child. . . . If counsel charged with the duty of instituting such proceeding is convinced that he should act, the duty devolves upon him then to institute an action and to convince the court that the defendant named is pecuniarily able to support or contribute to the support of his indigent spouse or parent.''

*County of Los Angeles* v. *Lane,* 113 Cal.App.2d 476, 480 [248 P.2d 479] : ''The finding contemplated by section 2224 is merely the board's determination of the fact that the spouse or adult child is pecuniarily able to contribute to the support of the applicant or recipient of aid. Section 2224 empowers the *superior court* to determine whether the spouse or adult child is pecuniarily able to support the recipient. (*County of Lake* v. *Forbes,* 42 Cal.App.2d 744 [109 P.2d 972].)'' (Emphasis added.) See also *County of Los Angeles* v. *Kasparian,* 168 Cal.App.2d 537, 540 [336 P.2d 34].

With regard to an ''applicant for or recipient of aid'' under the Old Age Security Law, the code specifically provides for the right of appeal to the State Social Welfare Board (§ 104.1), or, as an alternative, a hearing by the board of supervisors (§ 2181.1) ; further, he may appeal from the decision of the Welfare Board to the superior court ''praying for a review of entire proceedings in the matter, *upon questions of law* involved in the case. Such review, if granted, is a distinct and cumulative remedy.'' (§ 104.2.) (Emphasis added.) The responsible relative does not come within the above provisions. It does not appear that the action contemplated by section 2224 is a review of an administrative proceeding, nor is it an appeal from the board's order. Rather, section 2224 gives the county an independent cause of action against the responsible kindred to recover ''such portion of the aid granted as said relative is able to pay.'' And the cases above cited indicate that the superior court hearing is one in which a *question of fact* is presented to it as to the defendant's ability to pay; that the finding of the board is not conclusive; and that the burden is upon plaintiff to establish defendant's ability to pay.

Appellant does not attack the sufficiency of the evidence to support the board's findings or order. It is agreed that the

board of supervisors made a determination of the pecuniary ability of defendant as a responsible relative to contribute to the support of his mother. Appellant claims that the administrative determination is insufficient to support a judgment in favor of the county in this action; that the ultimate responsibility to determine if the child has the ability to pay is with the court; and that the county "must prove its claim by the same kind of probative evidence as is required from any other plaintiff."

Code of Civil Procedure section 1920 states that "Entries in public or other official books or records, made in the performance of his duty by a public officer of this state, or by another person in the performance of a duty specially enjoined by law, are prima facie evidence of the facts stated therein." And section 1926 states that "An entry made by an officer, or board of officers, or under the direction and in the presence of either, in the course of official duty, is prima facie evidence of the facts stated in such entry."

Appellant makes no contention that the orders were improperly received in evidence (*cf. Olender* v. *United States,* 210 F.2d 795, 801-802 [42 A.L.R.2d 736, 745]); thus the question is not one of competency, but of relevancy and sufficiency of the evidence.

Based upon the statement furnished to the board by defendant, upon a department form "requiring the information essential to the determination of the relative's liability to support under said scale" (§ 2224), *and* upon whatever information it obtains by its investigation (§ 2181; 11 Ops. Atty. Gen. 170-171), the board arrives at a "net monthly income" figure, to which it applies the scale set out in section 2181, and determines the fact that defendant is able to contribute a specified sum. Section 2181 provides that "In determining ability to contribute the financial circumstances of responsible relatives shall be given due consideration and, in unusual cases, contributions at less than the amount fixed by the 'Relatives' Contribution Scale' may be made as the board of supervisors may deem justifiable." The section defines "income" and makes provision for certain deductions in computing "net income." Obviously the scale takes into consideration an allowance for living expenses of a defendant and his dependents.

There is a legal presumption that the board of supervisors has regularly performed its statutory duties (Code Civ. Proc., § 1963, subd. 15). Code of Civil Procedure section 1870, subdivision 15, provides that evidence may be given upon a

trial of "[a]ny other facts from which the facts in issue are presumed or are logically inferable." It is our opinion that the orders of the board, reflecting its findings, are not only relevant, but are prima facie proof of appellant's pecuniary ability to contribute the amounts therein stated, and in the absence of evidence to the contrary they are sufficient to establish plaintiff's case. The judgment is adequately supported.

The second issue: Was it essential to the plaintiff's case to show that the parent had no spouse pecuniarily able to contribute?

The first requirement of section 2224 is that the board of supervisors determine if the recipient has within the State "a spouse or adult child responsible to contribute to the support of the applicant or recipient of aid pursuant to the relatives' contribution scale of Section 2181." After the board has found a spouse or adult child "pecuniarily able to support said person" it may request the district attorney or other civil legal officer to "proceed against *such kindred in the order of their responsibility to support*"; and the district attorney shall maintain an action "against said relative, *in the order named.*" Throughout said section the spouse is named prior to the adult child.

It is respondent's position that "the words 'such kindred in the order of their responsibility' refer to those kindred which the Board has found able to contribute"; also, that "Once the Board has made its determination of liability for one responsible relative it has inferentially determined that there are no other relatives pecuniarily able to contribute."

This position has merit. The statute places the sole responsibility of determining who is responsible to contribute upon the board of supervisors, and the district attorney may proceed only against such spouse or adult child "found by the board of supervisors or its authorized agent pecuniarily able to support. . . ." The district attorney has no option as to whom he shall proceed against when the request contains only one name. It is also true, as respondent argues, that "It would be senseless to require the Board to determine which relatives are responsible, and then proceed against a spouse or relative not mentioned in the order." But, this is not appellant's contention. Appellant contends that "once it was revealed by the evidence that the recipient of aid had a spouse then living, it was incumbent upon the County to show why it had not, according to the clear mandate of § 2224 of the Welfare and Institutions Code, first proceeded against such spouse."

We have already stated why the county did not proceed against the spouse. As to the board's request that the county counsel ("other civil legal officer") proceed only against the adult child, it must be presumed that the board of supervisors made the investigation and determination required by sections 2181 and 2224 and determined that there was no responsible spouse pecuniarily able to support the recipient. (Code Civ. Proc. § 1963, subd. 15.) ▐ "There is a presumption that an administrative officer, charged by the legislature with an administrative duty, will perform that duty in accordance with the Constitution and laws of the state of California. Such a presumption will prevail until it is attacked and some evidence presented that the officer has been guilty of dereliction and that the action taken by him has been arbitrary or discriminatory. (*People* v. *Globe Grain & Milling Co.,* 211 Cal. 121 [294 P. 3].)" (*Estate of Stobie,* 30 Cal.App.2d 525, 530 [86 P.2d 883].) See also *Moyer* v. *State Board of Equalization,* 140 Cal.App.2d 651, 655 [295 P.2d 583] ; *Lavine* v. *Jessup,* 161 Cal.App.2d 59, 67 [326 P.2d 238]. The agreed statement of the parties hereto indicates no contrary showing by appellant, thus the presumption of regularity must prevail.

Judgment affirmed.

Fox, P. J., and Herndon, J., concurred.