[Civ. No. 35793. Second Dist., Div. One. Aug. 5, 1970.]

SANTA BARBARA COUNTY, Plaintiff and Appellant, v.
MARIETTA MAE MONICAL, Defendant and Respondent.

**COUNSEL**

George P. Kading, County Counsel, Melbourne B. Weddel and Marvin Levine, Deputy County Counsel, for Plaintiff and Appellant.

Eckert & O'Gorman and Robert A. McFarland for Defendant and Respondent.

**OPINION**

**GUSTAFSON, J.**—Plaintiff County of Santa Barbara filed a complaint against defendant Marietta Mae Monical seeking reimbursement of $6,372.95, the value of hospital care and services rendered to defendant's deceased mother. The complaint alleged that defendant is liable to plaintiff pursuant to section 17300 of the Welfare and Institutions Code.

That section provides: "All aid rendered by the county under this part shall be a charge against the spouse, parent, and adult child of the recipient thereof, and the county rendering aid shall be entitled to reimbursement

therefor. The board of supervisors of the county rendering aid shall determine if the spouse, parent, or adult child, or any of them, have financial ability to support or contribute to the support of the recipient and were pecuniarily able to support or contribute to the support of the recipient during the time aid was rendered. If in the opinion of the board of supervisors pecuniary ability existed when the aid was given, and exists when the matter comes before the board of supervisors, the board shall request the district attorney or other civil legal officer of the county granting aid to proceed against such responsible relative or relatives.

"Upon such request, the district attorney or other civil legal officer shall maintain an action on behalf of the county granting aid against the relative or relatives to recover for the county the aid rendered and to secure an order requiring the payment of any sums which may become due in the future.

"The board of supervisors shall, in the case of aid granted by institutional care, fix a reasonable charge therefor, which shall be the measure of reimbursement to the county, and the existence of the order fixing the charge shall constitute prima facie evidence of its reasonableness."

The complaint alleged that the Board of Supervisors of Santa Barbara County determined that defendant had the financial ability to support or contribute to the support of her mother during the time aid was rendered and at the time when the matter came before the board of supervisors. It further alleged that the board of supervisors directed the county counsel to file suit against defendant.

Defendant noticed a motion for summary judgment pursuant to section 437c of the Code of Civil Procedure. The basis of the motion was that the board of supervisors did not determine that defendant had the financial ability to support or contribute to the support of her mother at the time it requested that suit be filed and at the time when aid was rendered to her mother. The evidence before the court on the hearing on the motion was that the Director of the Department of Resources and Collections of the County of Santa Barbara, whose duties as established by the board of supervisors included investigating the ability of persons liable under section 17300 of the Welfare and Institutions Code to pay, determined that defendant had the requisite ability to pay (based on the fact that she did make approximately 11 payments of $50 each and that she had received from her mother a gift of a note secured by a deed of trust of the face value of $7,000), that defendant although requested to do so had refused to make any other payments, that defendant had never been asked by the board of supervisors or by anyone else whether she had the financial ability

to pay and that the board of supervisors on June 20, 1966, authorized the county counsel to file suit against defendant.

The trial court made an order granting the motion for summary judgment in favor of defendant on the ground "that the Board of Supervisors failed to make the determinations as to pecuniary ability required by Section 17300 of the Welfare & Institutions Code." In his oral comments prior to granting the motion, the judge said that the resolution of the board of supervisors "should have contained a statement that the Board finds that this person has sufficient pecuniary ability to satisfy the liability created by the statute in that he has certain income."

█ We think that plaintiff's appeal from the judgment is meritorious and that the judgment must be reversed.

There is no dispute that the services rendered to defendant's mother were pursuant to section 17000 of the Welfare and Institutions Code: "Every county . . . shall relieve and support all incompetent, poor, indigent persons, and those incapacitated by age, disease, or accident, lawfully resident therein, when such persons are not supported and relieved by their relatives or friends, by their own means, or by state hospitals or other state or private institutions." Neither is there any dispute that defendant as an "adult child of the recipient" of the hospital services is a "relative" within the meaning of section 17300 of the Welfare and Institutions Code. █ Finally, it is clear that the "determination" by the board of supervisors of the existence and extent of liability of an adult child to reimburse the county is not binding on the courts. This is so because the "determination" is not judicial or quasi-judicial in nature since there is no notice to the adult child, no evidence is taken and no opportunity is afforded the adult child to present evidence and to cross-examine witnesses. It is for the court to determine whether the person from whom reimbursement is sought is a "responsible" relative and whether, and to what extent, he should be required to make reimbursement. (*County of Lake* v. *Forbes* (1941) 42 Cal.App.2d 744 [109 P.2d 972].) The "determination" is therefore of no evidentiary value on the issues in the action brought against the alleged responsible relative by authorization of the Board of Supervisors.

█ In the case at bench, the resolution authorizing and directing the county counsel to sue defendant for the value of the hospital services rendered to her mother did not recite that defendant was an adult child of the recipient of the services and did not recite defendant's pecuniary ability to pay both at the time the services were rendered and at the time of the resolution. However, the board of supervisors may not authorize suit unless in its opinion liability exists. (Welf. & Inst. Code, § 17300.) To state a cause of action against a person it is not necessary that either the

complaint or the resolution of the board of supervisors contain an allegation that the board of supervisors "determined" or was of the "opinion" that the named person is a responsible relative who had pecuniary ability to pay because "the action by the board in authorizing suit contained by necessary implication the finding required by section [17300] of the Welfare and Institutions Code." (*County of Los Angeles* v. *Read* (1961) 193 Cal.App.2d 748 [14 Cal.Rptr. 628].) Contrary to the holding in the cited case, the trial judge here said that it is not "possible that the determination can be implied by the action of the Board" directing that suit be brought, that the Board itself "must make a determination of the financial ability of this relative to reimburse the County" and "must so announce in their [*sic*] resolution."

We do not rest our decision, however, upon the narrow ground that the board of supervisors need not recite its determination at the time it authorizes suit to be brought. The basic question is whether a determination is a statutory condition precedent to the bringing of suit. We hold that it is not.

It would be an easy matter for a board of supervisors in authorizing suit to be brought against a named person to recite that the person is a responsible relative and that the person had the requisite pecuniary ability when the aid was given to the recipient and at the time suit is authorized. If the "determination" is a condition precedent to the suit, the mere recitation that a determination was made would not foreclose the defendant from showing that none was actually made or that it was erroneously made. This would open to inquiry the entire matter of the method of the board's determination in each case. Since the very issues which the board of supervisors impliedly determines when it authorizes suit are precisely the same which the trial court is required to determine in the action, such an inquiry would serve no useful purpose.

We think that the purpose of section 17300 of the Welfare and Institutions Code was to give a board of supervisors discretion not to request the filing of lawsuits in a case where, because of the relative's inability to pay, a lawsuit would be time-consuming, expensive and of no avail. Under the former law (Welf. & Inst. Code, §§ 2576, 2577) it seems that a board of supervisors was required to request that suit be brought against each parent, child and spouse of a recipient of aid. Under the present section, a board of supervisors is required to request that suit be brought only if "in the opinion of the board of supervisors pecuniary ability existed when the aid was given, and exists when the matter comes before the board of supervisors." (Welf. & Inst. Code, § 17300.) The discretion vested in the

board not to request that suit be brought is, in our opinion, intended to avoid the filing of worthless lawsuits.

Consequently, when suit is brought against a particular person, we think the statute is satisfied when it is shown that the board requested that the suit be brought. No useful purpose can be served by exploring why or how the board came to request that suit be brought.

The judgment is reversed.

Wood, P. J., and Thompson, J., concurred.